Case 2:17-ap-01289-BR Doc 1 Filed 04/26/17 Entered 04/26/17 16:36:14 Desc
Case 1:17-cv-03068-VSB Filed 04/26/17 Page 1 of 4
main    Page 1 of 4

Gregory A. Blue
RIKER DANZIG SCHERER
HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
(212) 302-8739
gblue@riker.com

*Attorneys for Defendant*
*Gary Gorham*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY A. RINDE AND CKR GLOBAL ADVISORS, INC., | ) CASE NO. _____ ) ) **NOTICE OF REMOVAL OF CIVIL** |
| *Plaintiffs*, | ) **ACTION PURSUANT TO 28 U.S.C. §** ) **1334, 1452 1446(b) AND FED. R. BANKR.** |
| v. | ) **P. 9027(a)(3).** ) |
| SUSAN CRONE; GARY GORHAM and LEONIDAS P. FLANGAS, | ) [Supreme Court for the State of New York, ) County of New York, Index No. ) 153148/2017] |
| Defendants. | ) ) ) ) |

 PLEASE TAKE NOTICE, that defendant Gary Gorham, a natural person residing in

California ("Gorham"), sued as one of the defendants in the Supreme Court for the State of New

York, County of New York, with the filing of Plaintiffs' Verified Complaint, hereby removes

this action, *Jeffrey A. Rinde and CKR Global Advisors, Inc., Plaintiffs v. Susan Crone, Gary*

*Gorham and Leonidas P. Flangas, Defendants,* Supreme Court of New York, County of New

York Index No. 153148/2017 (the "State Court Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  Gorham appears solely for the purpose of removal and for no other purpose, and he reserves all defenses and rights available to him, including without limitation the right to contest personal jurisdiction over him in New York, and specifically avers that the Court lacks personal jurisdiction over him.

      Gorham alleges:

      1.      On February 28, 2017 Mark Crone (the "Debtor") filed a voluntary Petition in bankruptcy in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court"), as Petition Number 2:17-BK-12392 (the "Bankruptcy Action").

      2.      Gorham is not counsel of record for Crone in the Bankruptcy Action, but has represented Crone as legal counsel in other capacities, including by filing an arbitration on his behalf against plaintiffs Rinde and CKR Global Advisors.

      3.      Howard Ehrenberg is the Court appointed trustee in the Bankruptcy Action (the "Trustee").  Mr. Ehrenberg has indicated to Gorham that Mr. Ehrenberg has an interest in securing a certain stock certificate, certificate no. 1091 of shares of Akoustis, Inc. (the "Stock") issued in the name of CKR Global Advisors, on behalf of the bankruptcy estate. Gorham is informed and believes that Debtor is an owner of CKR Global Advisors, and that plaintiff Rinde also is an owner of CKR Global Advisors.

      4.      On April 4, 2017 Gorham first learned that this action was commenced against him, among others, dated April 4, 2017.  A true and correct copy of the Verified Complaint filed and asserted against him (the "Complaint") is attached hereto and incorporated by reference

5.  Gorham has not been served with the Complaint and is informed and believes that none of the other defendants have been served with the Complaint as of the date of this Notice of Removal. Gorham first learned of the Complaint by an email referencing a new action, received on April 5, 2017. Removal is thus timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3).

6.  The Stock is the same stock that is the subject of the claims in the State Court Action. The State Court Action seeks an order requiring a turnover of the Stock to Plaintiffs, when the Trustee seeks to possess the Stock for Crone's bankruptcy estate.

7.  Pursuant to 28 U.S.C. § 1452(a): "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." In turn, 28 U.S.C. § 1334 provides the district courts with jurisdiction over "all civil proceedings arising under, arising in or related to" cases in bankruptcy. For purposes of removal jurisdiction, a civil action is "related to" a bankruptcy proceeding when the civil action's outcome might have any 'conceivable effect' on the bankruptcy estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992).

8.  The claims asserted by the Plaintiffs implicate "core" bankruptcy proceedings, including potentially matters covered by 28 U.S.C. § 157(b)(2)(A), (E), (F) and (H).

9.  The outcome of the State Court Action plainly will impact the bankruptcy estate and therefore, at a minimum, the claims in the State Court Action are related to the Bankruptcy Action. Plaintiffs seek possession of the same Stock sought by the Trustee.

10. Gorham will serve a copy of this Notice of Removal with counsel for Plaintiffs

and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Gorham, pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 removes the State Court Action in its entirety form the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
April 5, 2017

> RIKER DANZIG SCHERER
> HYLAND & PERRETTI LLP
>
>
> by: /s/ Gregory A. Blue
> Gregory A. Blue
> 500 Fifth Avenue, 49th Floor
> New York, NY 10110
> (212) 302-8739
> gblue@riker.com
>
> *Attorneys for Defendant
> Gary Gorham*

4