SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
JEFFREY A. RINDE AND CKR GLOBAL
ADVISORS, INC.

                                Plaintiffs,         Index No.

        -against-

                                                **VERIFIED COMPLAINT**

SUSAN CRONE, GARY GORHAM and
LEONIDAS P. FLANGAS,

                                Defendants.
-----------------------------------------------------------X

       Plaintiffs, Jeffrey A. Rinde and CKR Global Advisors, Inc., by their undersigned counsel, as and for their complaint against defendant Susan Crone ("Crone"), respectfully allege as follows:

### SUMMARY/OVERVIEW

       1.    This action arises from, and seeks to recover possession of a certificate (number 1091) representing 100,000 shares of stock owned by and certificated in the name of plaintiff CKR Global Advisors, Inc. (the "Stock"), as well as damages sustained by plaintiffs as a result of the early, 2016 conversion and subsequent transfer of such Stock to defendant Susan Crone ("Ex-Wife") during the pendency of litigation concerning such Stock, and the Ex-Wife and her several representatives' respective recent refusal to return said Stock to plaintiffs despite demand.

       In June, 2016 plaintiffs and others sued the Ex-Wife's former husband (Mark Crone, hereinafter "Husband") in this Court seeking similar and other

{00040676.}

relief as well (the "Prior Action").[1] The Prior Action had been pursued, in part, because in March, 2016 the Husband had improperly taken exclusive physical possession of the Stock by surreptitiously removing it from plaintiffs' office and thereafter refusing to relinquish it to its owner, plaintiff Global Advisors.

In January, 2017, orders were issued by this Court in the Prior Action which enjoined Husband's sale, transfer or encumbrance of the Stock (the "Injunction"), but otherwise stayed the Prior Action in order to afford Husband the opportunity he had sought to seek arbitration of disputes between Husband and others, including the plaintiffs herein. See, Docket Nos. 48 and 45; a copy of the transcript of proceedings in the Prior Action on January 5, 2017 (which reflects this Court's injunction at pages 16, lines 6 – 17, and page 18, line 18 – page 19, line 15, Docket No. 48) is annexed hereto as **Exhibit A**.

Husband did not take advantage of the arbitration he sought (Docket Nos. 49 and 52 - 54); instead, on or about February 28, 2017, he filed a voluntary petition in bankruptcy and the automatic stay which resulted from that filing stayed further proceedings in the Prior Action. Docket Nos. 56 and 57.

However, in the Husband's bankruptcy filings, Husband has reported that the Stock was held during the proceedings in the Prior Action at an institution (JP Morgan Chase) in New York County, and that he purportedly transferred his _interests in_ the Stock to the defendant Ex-Wife _after_ the Prior

---

[1] The Prior Action, styled *Rinde et al vs. Crone*, Index No. 652963/2016, was assigned to Hon Charles E. Ramos of this Court. This is a related action and should similarly be assigned to Judge Ramos. Refences herein to "Docket No.__" refer to the corresponding Docket Nos in the Prior Action. Where material, copies of said filings are attached hereto as Exhibits.

{00040676.}

Action had been commenced and the motion to enjoin his transfer of the Stock had been fully briefed. Husband's bankruptcy schedules reflect that he made that transfer to his Ex Wife before the January, 2017 injunction was imposed.

Plaintiffs' recent efforts to reach the defendant Ex Wife to obtain recovery of the Stock received only the response of defendant Gary Gorham, Esq., Husband's California counsel with whom plaintiffs had been interacting concerning the Stock before and during the pendency of the Prior Action. Defendant Gorham is also the same attorney who represented Husband in his unavailing and improper pursuit of the California arbitration. Docket Nos. 52 and 53. Acting out of malice, ill-will and bad faith, and contrary to the law and interests of justice, defendant Gorham has most recently made further material misrepresentations of fact to plaintiffs in order to frustrate, hinder and delay their recovery of the Stock, and otherwise engaged in conduct in furtherance of the tortious efforts to convert and deprive plaintiffs of their rightful use and enjoyment of the Stock. Defendant Flangas has elected not to respond to plaintiffs' efforts to contact him and obtain return of the Stock.

This action seeks to recover the Stock and the damages plaintiffs have sustained – and continue to sustain - by virtue of defendants' respective and collective tortious and otherwise wrongful acts and omissions.

## THE PARTIES

2.      Plaintiff Jeffrey A. Rinde ("Rinde") was at all relevant times herein and still is a resident of New York, and, beneficially and/or of record, an equal

{00040676.}

owner (with Husband), the President and a director of plaintiff CKR Global Advisors, Inc.

3. Plaintiff CKR Global Advisors, Inc. ("Global Advisors") is and at all relevant times was a corporation formed by and at the direction of Husband in or about May, 2010 under the laws of the State of Nevada in the name Sands of Time, Inc. At the direction of Husband, in September, 2013 Sands of Time, Inc. changed its name to Flourz GF Bakery CT, Inc. and in or about February, 2014, also at Husband's direction, changed its name to Global Advisors. See **Exhibit B**.

4. Prior to his association with plaintiffs, Husband had represented in writing to, *inter alia*, Rinde, that prior to January, 2014 the company that became known as Global Advisors had not issued stock or engaged in business. See **Exhibit C**.

5. Exhibit C also reflects that in or about February, 2014 Husband represented and confirmed in writing to, *inter alia*, Rinde that the ownership of Global Advisors had been issued and equally divided between the three then-equity owners of non-party CKR Law LLP (the "Law Firm").

6. In 2014, one of those three original equity owners left the Law Firm and his interest in Global Advisors was cancelled and terminated. As a result, plaintiff Rinde and Husband remained equal owners of Global Advisors and each was an Officer (Rinde was President and Husband the Secretary) and a Director thereof.

{00040676.}

7. At all relevant times herein, Global Advisors maintained its principal and only office in the City, county and State of New York.

8. At all relevant times herein, defendant Ex-Wife Susan Crone was, and upon information and belief still is, a resident of the State of Connecticut who regularly spends time in New York and otherwise transacts business in New York.

9. At all times relevant herein, defendant Ex-Wife was aware of the disputes between plaintiffs and Husband concerning the Stock and was and is aware, or reasonably should be aware, that her receipt and continued retention and possession, custody and control of the Stock personally or through her agent and representative, and refusal to relinquish control of the Stock constituted tortious conduct and aiding and abetting the tortious scheme of the Husband, and was and is independently tortious, wrongful and already has caused, and will continue to cause injury to plaintiffs in New York.

10. At all relevant times herein, defendant Gary Gorham ("Gorham") was, and upon information and belief still is, a resident of the State of California. Defendant Gorham is an attorney who derives substantial revenue from interstate commerce. In fact, Gorham has communicated with plaintiffs and others in New York concerning the subject matters hereof.

11. At all times relevant herein, Gorham was aware of the disputes concerning the Stock and was and is aware, or reasonably should be aware, that Ex-Wife's receipt and continued retention and possession, custody and control of the Stock, and that his express refusal to relinquish control of the

{00040676.}

Stock to its owner, was and is tortious, wrongful and already has caused, and will continue to cause injury to plaintiffs in New York.

12. Upon information and belief, at all relevant times herein defendant Leonides P. Flangas ("Flangas") was and still is defendant Ex-Wife's matrimonial attorney (notwithstanding that www,avvo,com reflects that 100% of his law practice is criminal defense), and a resident of the State of Nevada who derives substantial revenue from interstate commerce.

13. Upon information and belief, at all times relevant herein, Flangas was aware of the disputes concerning the Stock and was and is aware, or reasonably should be aware, that his and/or Ex-Wife's receipt and continued retention and possession, custody and control of the Stock was and is tortious, wrongful and already has caused, and will continue to cause injury to plaintiffs in New York.

14. Venue is proper in this Court as plaintiffs reside or maintain offices here and a substantial part of the activities which are the subject of this action arose and took place within the City, County and State of New York.

**FACTUAL ALLEGATIONS**

17. In 2015, the Stock, specifically certificate no 1091 representing 100,000 shares of the common stock of Akoustis, Inc., was issued to and was at all times thereafter, and is presently, owned exclusively by Global Advisors.

18. During the months of August and September, 2015, without notice to plaintiffs and without their knowledge or consent, Husband created and filed a series of false and fraudulent statements and submissions with the Secretary

{00040676.}

of State of the State of Nevada, each falsely certified as true and accurate by Husband under oath, in order to purport to affect a change in the name of Global Advisors to "Ascendant Global Advisors, Inc." and, thereafter, to remove plaintiff Rinde from the records maintained by the State of Nevada as a director and officer thereof, and to falsely and fraudulently establish Husband as that company's President and sole Director. See **Exhibit D**. Because said conduct was undertaken fraudulently and without any right, power or authority, such purported acts were and are void *ab initio*, and of no force or legal effect.

19. In furtherance of that wrongful and fraudulent conduct, while Rinde was travelling outside of the United States, in March, 2016 Husband improperly and deceptively converted and removed from plaintiffs' office, and took wrongful possession of, the Stock. He did so as part of his scheme and effort to cause the Stock to be re-issued in the name to which he had purported to change Global Advisors' corporate name and then to negotiate and steal the proceeds. According to Husband and Gorham, the Stock was needed by Husband to satisfy his financial obligations to the defendant Ex-Wife.

20. Once Husband's larcenous efforts were discovered, the issuer of the security in question and designated transfer agent were so advised and a "stop" transfer order placed and acknowledged to be in place by the transfer agent with respect to the Stock.

21. In June, 2016 plaintiffs and others commenced the Prior Action, asserting claims against the Husband for damages, and for injunctive relief concerning, *inter alia*, possession of the Stock.

{00040676.}

22. Between August and October, 2016, the parties in the Prior Action briefed their respective motions: Husband sought an order staying the Prior Action so that he could arbitrate in California, and the plaintiffs sought an injunction to compel return of the Stock to Global Advisors. Husband adjourned the hearing of those motions, and argument was rescheduled for January 5, 2017.

23. At the argument of the parties' respective motions in the Prior Action on January 5, 2017, the Court, *inter alia*, issued the Injunction.

24. Husband's bankruptcy filings and related agreements purport to reflect that *after* the filing and briefing of the motions in the Prior Action, but before the January, 2017 determination thereof, Husband transferred and conveyed the Stock to the defendant, Ex-Wife. See, Husband's bankruptcy Schedules, **Exhibit E** at "Question No. 21", page 52 thereof. [2] It is noteworthy, however, that the November, 2016 Marital Settlement Agreement between Husband and the defendant Ex-Wife (the "Marital Agreement") is inconsistent with Husband's bankruptcy filings regarding what precisely was conveyed or transferred to the Ex-Wife. The Marital Agreement reflects that Husband only transferred his "interest" in the Stock, not the Stock itself. Of course, albeit fraudulent based on the context and timing, this characterization makes sense because the Husband never owned the Stock. Rather, at all times, plaintiff

---

[2] Portions of Husband's bankruptcy filings inconsistently – and falsely – reflect that the transfer of the Stock by husband to the defendant Ex-Wife occurred in "12/15". This cannot be true based on (i) the Stock was in Global Advisors' possession until taken by Husband on or about March 25, 2016 and (ii) the purported transfer to the defendant Ex-Wife occurred, if at all, pursuant to a November, 201**6** divorce settlement agreement between Husband and the Ex-Wife.

{00040676.}

FILED: NEW YORK COUNTY CLERK 04/04/2017 12:31 PM
NYSCEF DOC. NO. 2
INDEX NO. 153148/2017
RECEIVED NYSCEF: 04/04/2017

Case 2:17-ap-01230-BR  Doc 3  Filed 04/26/17  Entered 04/26/17 10:36:13  Desc
Main Document  Page 9 of 13

Global Advisors was and is the sole and exclusive owner of the Stock and the certificate for the Stock confirms that fact. See, paragraph 6.3 of the Marital Agreement between Husband and the Ex-Wife a copy of which is annexed hereto as **Exhibit F**.

25. Regardless of what was allegedly transferred by the Husband to the Ex-Wife, or when, such transfer was fraudulent as to plaintiffs, having been made at the time Husband was a defendant in the Prior Action and the Stock was subject to a pending motion for an injunction.

26. Upon receipt and review of Husband's bankruptcy schedules and purported "Marital Agreement", plaintiffs attempted to contact the Ex-Wife in order to obtain return of the Stock to Global Advisors.

27. Notwithstanding his historic and continuing representation of the Husband, plaintiffs' communications to the Ex-Wife were intercepted and responded to by defendant Gorham who advised that he now represented the Ex-Wife. In these recent communications, Gorham at first represented to plaintiffs that the Ex-Wife had possession of the Stock but declined to agree to return it. Gorham also declined to advise how he was free of professional conflict to represent the Ex-Wife, and refused to respond whether he was authorized to accept service of process on behalf of the Ex-Wife. Gorham however continued to harass plaintiffs by frustrating their efforts, and also by making oral and written threats to their attorneys, allegedly in his capacity as counsel for Husband as well. Later, Gorham denied that he had represented that the Ex-Wife had possession of the Stock and, finally, reversed himself and

{00040676.}

represented that the Stock was not in the Ex-Wife's possession at all, but in the possession of the Husband.

28. However, the Husband's bankruptcy counsel subsequently represented to the Husband's Bankruptcy Trustee (who then advised plaintiffs) that the Stock was presently in the possession of the Ex-Wife's divorce counsel (defendant Flangas) who, research has indicated, was previously suspended from the practice of law and, as material part thereof, required to make substantial restitution to his former clients. Efforts to reach defendant Flangas have been unavailing; plaintiffs' calls and emailed communications have not received any reply. It appears that defendant Flangas is in possession of property (the Stock) which he knows or has reason to believe is not owned by Husband or the Ex-Wife, was unlawfully transferred to his custody and, by his actions and omissions, is aiding and abetting a tortious scheme.

### AS AND FOR A FIRST CAUSE OF ACTION

29. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 28 above as if set forth herein at length.

30. By reason of the foregoing, Rinde and Advisors have been and are being deprived of the ability to use and enjoy (sell) their unique and valuable property, and have sustained and continue to sustain damage, injury and harm for which, in part, there is no adequate remedy at law. Furthermore, neither of defendants Flangas or the Ex-Wife has any lawful right to possess the Stock; both are the unlawful and fraudulent transferee thereof, and should be directed forthwith to deliver it to Global Advisors as the owner thereof.

{00040676.}

FILED: NEW YORK COUNTY CLERK 04/04/2017 12:31 PM
NYSCEF DOC. NO. 2
Case 2:17-ap-01289-BR46 Doc SB-3 Doc 14 Filed 04/26/17 Filed 04/05/17 Entered 04/26/17 16:36:14 Desc
1 2   Page 11 of 13
INDEX NO. 153148/2017
RECEIVED NYSCEF: 04/04/2017

## AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 28 above as if set forth herein at length.

32. The conduct alleged herein constitutes and reflects (i) each defendant's respective and collective intentional violation, breach and disregard of (a) plaintiffs' rights, including Global Advisor's exclusive right to possession of the Stock; and (b) each defendant's duty and obligation not to interfere with or frustrate or delay enforcement of plaintiffs' rights and property interests by their ongoing wrongful retention of Global Advisors' property; and (ii) Gorham's historic and continuing material misrepresentations and actionable conduct, all of which has apparently been undertaken to harass and annoy plaintiffs, to frustrate and delay plaintiffs' efforts, and to increase plaintiffs' costs of recovering Global Advisors' property.

33. By reason of the foregoing, plaintiffs have sustained damages in amounts presently unknown, including their inability to liquidate the Stock and thus enjoy and benefit from recent dramatic increases in the value of the Stock. Plaintiffs' damages have been, and are being, proximately caused by the acts and omissions of defendants for which they are and should be held liable.

WHEREFORE, plaintiffs pray for judgment in favor of each plaintiff against each defendant granting plaintiffs the injunctive relief sought herein by them, granting plaintiffs damages against each defendant in amounts to be determined at trial but reasonably believed to be not less than $50,000,

{00040676.}

FILED: NEW YORK COUNTY CLERK 04/04/2017 12:31 PM
NYSCEF DOC. NO. 2

INDEX NO. 153148/2017
RECEIVED NYSCEF: 04/04/2017

Case 2:17-ap-01289-BR46Doc SB-3 DocFiled 04/26/17 Filed Entered 04/05/04/26/17 16:36:14 Desc
12   Page 12 of 13

together with such other and further relief as to this Court seems just and proper, together with the costs and disbursements of this action.

Dated:   Brooklyn, NY
         April 4, 2017

LAWRENCE E. TOFEL, P.C.

By: *S/ Lawrence E. Tofel*
    Lawrence E. Tofel
163 Washington Ave. Suite 5B
Brooklyn, NY  11205
(917) 847-1433
*Attorneys for Plaintiffs*

{00040676.}

FILED: NEW YORK COUNTY CLERK 04/04/2017 12:31 PM
INDEX NO. 153148/2017
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/04/2017
Case 2:17-ap-01289-BR Doc 46-3 Filed 04/26/17 Entered 04/26/17 16:36:14 Desc
Case 1:17-cv-03468-VSB Document 1-2 Filed 05/09/17 Page 16 of 18
Page 13 of 13

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
JEFFREY A. RINDE AND CKR GLOBAL
ADVISORS, INC.

         Plaintiffs,    Index No.

-against-               **VERIFICATION**

SUSAN CRONE, GARY GORHAM and
LEONIDAS P. FLANGAS,

         Defendants.
------------------------------------------------------------X

  Lawrence E. Tofel, an attorney duly admitted to practice law in the State of New York, hereby affirms under the penalties of perjury, and makes the following statements:

  I am a principal of Lawrence E. Tofel P.C., attorneys for the plaintiffs in this action.

  The foregoing complaint is true to my own knowledge, except as to matters therein stated on information and belief and as to those matters I believe them to be true. The grounds of my knowledge and belief are documents furnished to me (copies of some of which are appended to the Complaint), documents from public and/or other files, and conversations with plaintiff and others.

  The reason why the verification is not made by plaintiff is that neither plaintiff is presently within the county where I maintain an office.

                 _S/ Lawrence E. Tofel_
                 LAWRENCE E. TOFEL

Brooklyn, New York
April 4, 2017

{00040703.}