Hearing Date & Time: May 18, 2017 at 10:00 am
Objection Deadline: May 11, 2017

Gregory A. Blue
RIKER DANZIG SCHERER
HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
(212) 302-8739
gblue@riker.com

*Attorneys for Defendant*
*Gary Gorham*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY A. RINDE AND CKR GLOBAL ADVISORS, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> SUSAN CRONE; GARY GORHAM and LEONIDAS P. FLANGAS, <br><br> *Defendants*. | Adv. Pro. No. 17-01055 (SMB) |

## DEFENDANT GARY GORHAM'S MOTION
## TO TRANSFER VENUE

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................ iii

Preliminary Statement ............................................................................................................. 1

Jurisdiction and Statutory authority ........................................................................................ 3

Facts and Procedural History .................................................................................................. 3

Legal Argument ...................................................................................................................... 8

      I.      Standard on Motion to Transfer Venue ................................................................ 8

      II.     The Court should transfer venue. ........................................................................ 9

Conclusion ............................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

*In re JCC Capital Corp.*, 147 B.R. 349 (Bankr. S.D.N.Y. 1992) .............................................. 3, 8

*In re Manville Forest Prod. Corp.*, 896 F.2d 1384 (2d Cir. 1990) .................................................. 9

**STATUTES**

28 U.S.C. § 1334 ................................................................................................................... 3, 7

28 U.S.C. § 1404 ............................................................................................................ 1, 2, 3, 9

28 U.S.C. § 1412 ............................................................................................................ 1, 3, 8, 9

28 U.S.C. § 1452 ......................................................................................................................... 3

28 U.S.C. § 157(a) ...................................................................................................................... 3

**RULES**

Fed. R. Bankr. Pro. 7001 ............................................................................................................ 3

Fed. R. Bankr. Pro. 7087 ................................................................................................... 1, 3, 8

TO:    HON. STUART M. BERNSTEIN
        UNITED STATES BANKRUPTCY JUDGE

Defendant Gary Gorham ("Gorham") hereby moves this Court for an Order pursuant to Rule 7087 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1404(a) and 1412 transferring venue of this action to the United States District Court for the Central District of California.[1]

## PRELIMINARY STATEMENT

This Adversary Proceeding belongs in the Central District of California, and should be transferred there. Indeed, in referring this removed action to this Court, under the Standing Order of Reference, District Judge Broderick made explicit – and wanted his view conveyed to this Court – that the matter should be transferred:

> "THE COURT: To be clear, what I am doing is sending it to the Southern District bankruptcy court with a statement that in the end it seems to me, based upon the record, that it should be in the Central District of California bankruptcy court."

Transcript of Telephone Conference before Hon. Vernon S. Broderick, April 19, 2017 ["Transcript", a copy of which is attached as Exhibit A to the Declaration of Gregory A. Blue dated April 28, 2017 ("Blue Dec.") at p. 41. *See also id.* at p. 39 (explaining that, "I am going to

---

[1] Before this action was referred to this Court by the District Court, Plaintiffs moved to remand this adversary proceeding to New York Supreme Court. If this adversary proceeding is remanded to state court, Mr. Gorham intends to make a motion to dismiss on the ground that the court does not have personal jurisdiction over him. If, however, this adversary proceeding is transferred to the Central District of California, the court there undoubtedly will have personal jurisdiction over Mr. Gorham, a California resident and California attorney, and there will be no need for such a motion. Thus, Mr. Gorham expressly reserves his right to contest personal jurisdiction in the event of remand.

1

send it to the Southern District bankruptcy court with my note in this transcript that I believe it appropriately belongs in the Central District of California bankruptcy court.")]

Judge Broderick was right. This case is so related to Mark Crone's bankruptcy case pending in the Central District of California that no other venue makes sense. This case centers on a stock certificate (or interests in the stock) that, Plaintiffs allege, Mr. Crone fraudulently transferred to defendant Susan Crone, his ex-wife, immediately prior to filing for personal bankruptcy in the Central District of California. Mr. Crone's interest in the stock, or his alleged fraudulent transfer of his interests in the stock, is directly related to his bankruptcy proceeding.

Mr. Crone, who is alleged to be the primary wrongdoer with respect to all of the allegations of the Complaint, resides in and has a pending bankruptcy proceeding in California. Mr. Gorham, who is being sued here for his actions in acting as Mr. Crone's attorney, resides and works in the Central District of California, and all of the actions Mr. Gorham allegedly took in connection with these matters took place in that district. Mr. Crone's bankruptcy trustee, who has been in constant contact with the parties, and has attempted to obtain possession of the stock certificate that is the subject of this action, is located in that district. The trustee may have a fraudulent transfer claim against the recipients of the stock, and that action would have to be brought in that district. Thus, for the convenience of parties and witnesses, and in the interest of justice, *see* 28 U.S. Code § 1404, this Court should transfer venue to the Central District of California.

## JURISDICTION AND STATUTORY AUTHORITY

Mr. Gorham removed this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York under 28 U.S.C. § 1452. [Notice of Removal, Blue Dec. Exh. D]. On April 19, 2017, District Judge Vernon S. Broderick referred this action to the Bankruptcy Court pursuant to the Standing Order of Reference, No. 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012) (the "Standing Order of Reference"). [Blue Dec. Exh. E] Thus, this Court has jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 1334, 1452, and 157(a), and the Standing Order of Reference.

This matter is an adversary proceeding. *See* Fed. R. Bankr. Pro. 7001(10) (stating that "a proceeding to determine a claim or cause of action removed under 28 U.S.C. § 1452" is an adversary proceeding). Bankruptcy Rule 7087 provides that, "[o]n motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. §1412…" A motion to transfer venue of an adversary proceeding (even a non-core adversary proceeding), made pursuant to 28 U.S.C. § 1404(a) and 1412, is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A). *See In re JCC Capital Corp.*, 147 B.R. 349, 358 (Bankr. S.D.N.Y. 1992). This Court, therefore, has authority to enter a final order transferring venue to the Central District of California.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs filed this action in the Supreme Court of the State of New York, New York County, on April 4, 2017. [Blue Dec. Exh. B] In short, Plaintiffs seek to obtain possession of a certain stock certificate (the "Stock Certificate"), that the Debtor, Mr. Crone, allegedly fraudulently transferred to his ex-wife immediately prior to filing for bankruptcy in connection

3

with their divorce. The Complaint alleges that Mr. Crone had no right to do so because the Stock Certificate was and is owned by Plaintiff CKR Global Advisors, Inc. a/k/a Ascendant Capital Advisors (the "Company"). [Complaint, Blue Dec. Exh. B, ¶ 1] The Company is owned equally by Plaintiff Jeff Rinde, and his Mr. Crone. [*Id*. ¶¶ 5-6][2]

*The Prior New York Action*

This is not the first action in which Plaintiffs have attempted to recover the Stock Certificate. There was a prior action filed in the Supreme Court of the State of New York (the "Prior New York Action") by Plaintiffs solely against Mr. Crone (who is not a party to this action, but is alleged to be at the center of, and the driving force behind, all of the alleged wrongdoing described in the Complaint). [Complaint, Blue Dec. Exh. B, at ¶ 21] As in the Prior New York Action, Plaintiffs' current complaint is based upon, and revolves entirely around, an alleged fraud by Mr. Crone.

In the Prior New York Action, Mr. Crone moved to compel arbitration in the State of California or, in the alternative, to dismiss the case on the ground that Mr. Crone and Mr. Rinde were parties to a partnership agreement that contained a mandatory arbitration provision, as well as a provision stating that the exclusive venue for any disputes between the parties, including any disputes concerning the Stock Certificate, was in California. [*Id*. ¶ 22]

---

[2] In the previous state court action (discussed below) the Company alleged (as it alleges here) that it is equally owned by Rinde and Crone, and further made explicit that the Company therefore has a "deadlocked board of directors." [Previous State Court Complaint, Blue Dec. Exh. C, at ¶ 39 (referencing the "equal and divided ownership" and "deadlocked Board of Directors.") Since Mr. Crone did not authorize this action, or the retention of counsel, it is a mystery how the Company is authorized to bring these claims.

4

At the hearing on Mr. Crone's Motion, Justice Ramos held that the dispute between Mr. Crone and Mr. Rinde was subject to arbitration in California. More specifically, Justice Ramos held that: (1) arbitrators in California were empowered to decide what disputes between them were subject to arbitration; and (2) whatever disputes between them were not subject to arbitration should be heard by a court in California:

> THE COURT: No, my ruling is very simple. The arbitration agreement is enforceable, it is between the parties, it is in writing, it satisfies all of the requirements under 75 -- Article 75 of the CPLR, it is enforceable in California. This action is stayed. You go to California.
>
> MR. TOFEL: Excuse me, let me finish --
>
> THE COURT: Excuse me. You also have a covenant that provides for exclusive jurisdiction in California.
>
> MR. TOFEL: Exclusive jurisdiction of what? And that is --
>
> THE COURT: Whatever is not arbitrable.

[Transcript of Hearing on January 5, 2017, (the "Transcript"), Blue Dec. Exh. F, at p.7]

The Court's order on Mr. Crone's motion to compel arbitration and Plaintiffs' motion for a preliminary injunction (the "NYS Order") was signed by Justice Ramos on January 17, 2017, and entered by the Clerk of the Court on January 26, 2017. [Order dated January 17, 2017 ("NYS Order"), Blue Dec. Exh. G]. The NYS Order included an injunction prohibiting "Mark Crone from selling or otherwise transferring the Stock" pending the filing of an arbitration with the American Arbitration Association in California. [*Id*.] [3]

---

[3] The Complaint, and Plaintiffs' counsel, falsely allege that the injunction is embodied in the Transcript. [Third Paragraph of Complaint under ¶ 1; Blue Dec. Exh. B] In fact, the State

5

*The Arbitration*

Mr. Crone initiated the arbitration in California. [Complaint ¶ 1, Blue Dec. Exh. B, at p.3] The parties dispute whether the arbitration was properly initiated, but there is no dispute that Mr. Gorham was Mark Crone's counsel in that matter. [*Id*.] Mr. Gorham did not appear as Crone's counsel in the Prior New York Action.

*Mark Crone's Bankruptcy Petition*

On February 28, 2017, Mr. Crone filed for bankruptcy in the Central District of California. [*Id.*, ¶ 1] The bankruptcy petition led to an automatic stay of the Prior New York Action and the arbitration. [*Id.*]

*The Current Action*

Plaintiff filed the Complaint in New York Supreme Court on April 4. In this adversary proceeding, Plaintiffs' allege that Mr. Crone, a resident of California who is now a debtor in a bankruptcy case pending in the Central District of California, fraudulently transferred the Stock Certificate, or interests in the Stock Certificate,[4] to his ex-wife, Susan Crone, a resident of Connecticut. [Complaint, Blue Dec. Exh. B, at ¶¶ 1, 24]. Specifically, the Complaint alleges that, "[r]egardless of what was allegedly transferred by [Mr. Crone] to [Ms. Crone], or when, *such transfer was fraudulent as to* plaintiffs, having been made at the time [Mr. Crone] was a

---

Court specifically said that the injunction would have to be embodied in a subsequent written order. [State Court Transcript, Blue Dec. Exh. F, at p. 19, lines 9-15.]

[4] Elsewhere, the Complaint alleges that Mr. Crone "purportedly transferred his ***interests in*** the Stock to the defendant Ex-Wife [Ms. Crone]," [Complaint ¶ 1 (emphasis in original). See also *id*. ¶ 24]. The Complaint further alleges that, "[r]egardless of what was allegedly transferred by [Mr. Crone] to [Ms. Crone], or when, such transfer was fraudulent as to plaintiffs, having been made at the time [Mr. Crone] was a defendant in the Prior Action and the Stock was subject to a pending motion for an injunction." [*Id*.¶ 25]

6

defendant in the Prior Action and the Stock was subject to a pending motion for injunction." [Complaint ¶ 25 (emphasis added). *See also id.* ¶ 30 (alleging that Ms. Crone and Mr. Flangas do not have "any lawful right to possess the stock [because] both are the unlawful and fraudulent transferee thereof.")] The Complaint seeks injunctive relief (the turnover of the Stock Certificate) and unspecified damages. [*Id*. at ¶ 11; pp. 11-12]

*The Allegations Against Mr. Gorham*

Although this action seeks injunctive relief seeking to restrain transfer of the Stock Certificate and to deliver possession of the Stock Certificate to Plaintiffs, and although there is no factual dispute that Mr. Flangas possesses the Stock Certificate, Plaintiffs sued Mark Crone's California counsel, Gary Gorham, in this action. Plaintiffs do not allege, because they cannot, that Mr. Gorham possesses, or ever possessed, the Stock Certificate, or that he has any control over it. [*See* Complaint, Blue Dec. Exh. B,  ¶ 30, alleging that Ms. Crone and/or Mr. Flangas "both are the unlawful and fraudulent transferee[s]" of the Stock Certificate. Declaration of Gary Gorham ("Gorham Dec.", submitted herewith.] In fact, Plaintiffs' counsel has admitted that Mr. Flangas, not Mr. Gorham, has the Stock Certificate. [Transcript, Blue Dec. Exh. A, pp. 4-5] Nonetheless Plaintiffs' continue to seek injunctive relief against Mr. Gorham.

*Removal and Referral*

On April 5, 2017, Mr. Gorham removed this action to this Court under 28 U.S.C. § 1452. [Blue Dec. Exh. D] Plaintiffs moved by Order to Show Cause for an order remanding this case back to the Supreme Court of the State of New York, and for a temporary restraining order and preliminary injunction. On April 12, 2017, the District Court entered the Order to Show Cause.

On April 19, 2017, before the scheduled hearing on the Order to Show Cause, District Judge Broderick held a telephonic hearing to consider Mr. Gorham's request that this matter be referred to the Bankruptcy Court pursuant to the Standing Order of Reference, No. 12 Misc. 32 (S.D.N.Y. Feb. 1, 2012). During the course of that hearing, counsel for Mr. Gorham indicated that, once the case was referred to the Bankruptcy Court, Mr. Gorham intended to seek transfer to the Central District of California. Judge Broderick explicitly stated his belief that the case should be referred to this Court and, thereafter, transferred as Mr. Gorham suggested. [Transcript, Blue Dec. Exh. A, at p. 41. *See also id.* at p. 39]

Later that day, on April 19, 2017, Judge Broderick signed an Order referring this action to this Court in accordance with the Standing Order of Reference. [Blue Dec. Exh. E]

## LEGAL ARGUMENT

### I. Standard on Motion to Transfer Venue

Federal Rule of Bankruptcy Procedure 7087 provides that, "On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412, except as provided in Rule 7019(2)." Section 1412 provides that, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

"A motion to transfer an adversary proceeding that is non-core or related to a case under title 11 is controlled by 28 U.S.C. § 1404, the general change of venue provision." *See e.g. In re JCC Capital Corp.*, 147 B.R. at 356. Section 1404 provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. Under either section, the key issues are "interests of justice" and "convenience of the parties."

"The 'interest of justice' component of § 1412 is a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1391 (2d Cir. 1990).

There is a strong presumption in favor of transferring venue of an adversary proceeding to the district in which the underlying bankruptcy case is pending. As the Second Circuit has held, "the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *In re Manville*, 896 F.2d at 1391.

## II.   The Court should transfer venue.

As Judge Broderick recognized, this case has strong connections to California, and essentially none to New York.

The "interests of justice" and "convenience of the parties" weigh heavily in favor of transfer to the Central District of California. There are far more connections to California than to New York. This action is based squarely on Plaintiffs' allegations of wrongdoing by the Debtor, Mr. Crone, who is located in California. Mr. Crone will be an essential witness and can be found there, not in New York.

Furthermore, the bankruptcy trustee, who has demanded possession of the Stock Certificate, is located in the Central District of California. It would be inconvenient, unduly

9

expensive, and unjust to require the trustee to litigate these claims in New York. Even more important, the bankruptcy trustee has requested that the stock certificate be delivered to him. [Gorham Dec. Exh. A] The Bankruptcy Court in the Central District of California is best situated to decide those competing demands, including a demand by the bankruptcy trustee there, for physical possession of the stock.

In addition, the Complaint is based in part on allegations that Mr. Crone lied in his bankruptcy filings [Complaint ¶ 24 and fn. 2]. Those claims are best not decided in this court, but instead should be left to the bankruptcy court presiding over Mr. Crone's bankruptcy, in the district where Mr. Crone and his bankruptcy counsel are located. So, too, are allegations concerning what Mr. Crone's California bankruptcy counsel said to the bankruptcy trustee about the location of the stock certificate, since those allegations also are integral to the claims in the Complaint.

Moreover, the judge presiding over Mr. Crone's bankruptcy case should determine whether, as Plaintiffs allege, Mr. Crone fraudulently transferred assets to Ms. Crone. This is especially true because the bankruptcy trustee may have a competing claim to recover those assets on behalf of creditors. In order to efficiently administer the estate, and to avoid inconsistent judgments, the bankruptcy court in the Central District of California should decide those issues.

Also, Mr. Crone stated in his bankruptcy schedules that he has a 50% ownership interest in the Company, which is the Plaintiff in this adversary proceeding. The Bankruptcy Court in the Central District of California is best situated to determine whether the Company, without Mr. Crone's authorization, can even assert these claims.

Mr. Gorham also is located in California, and it is inconvenient and burdensome for him to travel here to defend against the (frivolous) claims against him. [Gorham Dec. at ¶ 11]] The claim against him is that he misrepresented to Plaintiffs' counsel the location of the stock certificate. Mr. Gorham's statement – which was very quickly corrected – was based on information provided to him by Mr. Crone, who is in California, as confirmed by Mr. Crone's bankruptcy counsel, also in California, in an email to Mr. Crone's bankruptcy trustee. [Gorham Dec. at ¶¶ 9-10] Defense of the claims against Mr. Gorham will necessarily involve these main witnesses, and documents in their possession, which are located in California.

Plaintiffs will not be unduly prejudiced by transferring this case because, in the Prior New York Action, Justice Ramos already held that their claims relating to the stock, and their attempt to recover the stock certificate itself, had to be submitted to arbitration in California and that, to the extent the claims were not subject to arbitration, they were subject to an exclusive venue provision requiring the parties to litigate only in California. Under the circumstances, Plaintiffs cannot claim that California is an inconvenient venue for them to litigate over the stock. They already have been directed to litigate there concerning the ownership of the stock. Indeed, the "interests of justice" requires that they do so there, not here.

For all these reasons, Mr. Gorham respectfully submits that this Court should transfer venue to the Central District of California.

**CONCLUSION**

This Court should transfer venue to the United States District Court for the Central District of California.

Dated: New York, New York
April 28, 2017

                                        RIKER DANZIG SCHERER
                                      HYLAND & PERRETTI LLP

                                      by:  /s/ Gregory A. Blue
                                             Gregory A. Blue
                                      500 Fifth Avenue, 49th Floor
                                      New York, NY 10110
                                      (212) 302-8739
                                      gblue@riker.com

                                      *Attorneys for Defendant*
                                      *Gary Gorham*