FILED
JUL 17 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Scott J. Tepper (SB# 51693)
ScottJTepper@msn.com
GARFIELD & TEPPER
A Partnership of Professional Corporations
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Tel.: (310) 277-1981  •  Fax: (818) 225-5350

Attorneys for Defendant Gary Gorham

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARK ELIAS CRONE,<br><br>                Debtor;<br><br>JEFFREY A. RINDE and CKR GLOBAL ADVISORS, INC.,<br><br>                Plaintiffs,<br><br>-vs-.<br><br>SUSAN CRONE, GARY GORHAM and LEONIDAS P. FLANGAS,<br><br>                Defendants. | Case No. 2-17-bk-12392-BR<br><br>Chapter 7<br><br>Adv. No. 2:17-ap-01289-BR<br><br>**DEFENDANT GARY J. GORHAM'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** [1]<br><br>(Filed concurrently with Reply Supporting Special Motion to Strike)<br><br>**Hearing**<br><br>Date:   July 25, 2017<br>Time:  10:00 a.m.<br>Ctrm:  1668<br>Judge:  Hon. Barry Russell |

---

[1] Filed non-electronically pursuant to Local Rule 5005-4(c)(2)(a) and Section 3.11(c)(1) of the Court Manual of the United States Bankruptcy Court for the Central District of California (eff. April 2017).

# MEMORANDUM OF POINTS AND AUTHORITIES OF GARY GORHAM

## I.
## INTRODUCTION

Defendant Gary Gorham asserted two grounds for his motion to dismiss.

First, that plaintiffs could not show they were injured, since the trustee in the Crone Bankruptcy was also seeking the Akoustis stock certificate as a potential asset of the bankruptcy estate, and the inability of plaintiffs to have immediate possession of the certificate was the basis for plaintiffs' claimed damages. (I.e., without immediate possession plaintiffs couldn't sell the certificate.)

Second, that Mr. Gorham's communicative conduct was all protected by the California Litigation Privilege embodied in Civil Code § 47(b).

Plaintiffs oppose the motion to dismiss. They ignore the fact that they sustained no injuries from Mr. Gorham's alleged conduct. They also fail to consider the impact of the Litigation Privilege (either California's or New York's) on Mr. Gorham's communicative conduct, since in either jurisdiction the communications were absolutely privileged and cannot support a tort claim. (As to the privilege in New York, they failed even to discuss it in any of their papers, but since they claim New York law applies, the issue is now before this Court.)

## II.
## PLAINTIFFS SUSTAINED NO DAMAGES FROM ANY OF MR. GORHAM'S ALLEGED CONDUCT

As Mr. Gorham argued in his motion to dismiss, plaintiffs could not have been injured because at the time their lawyer, Lawrence Tofel, was trying to find out who had possession of the Akoustis stock certificate, and at the time he communicated with Mr. Gorham, the trustee in debtor Mark Crone's bankruptcy was doing the same. (In addition, Mr. Gorham never had possession of the certificate nor access to it.)

The trustee, Howard Ehrenberg, eventually filed an adversary proceeding in this Court seeking to enjoin whomever owned or possessed the certificate from selling it. (2:17ap-01276-BR.). Because Mr. Tofel was having discussions with Mr. Ehrenberg at the

same time he was having similar discussion with Mr. Gorham, and on the same subject matter, Mr. Tofel knew of the trustee's intentions.

So, if the plaintiffs had obtained possession of the certificate they would have been faced with a motion from the trustee, a motion which the trustee eventually filed, seeking to enjoin plaintiff Ascendant Global Advisors, Inc. (CKR Global's alias[2]) from selling the stock[3] since it was allegedly an asset of an asset of the bankruptcy estate; thus any "delay" attributed to Mr. Gorham's communications with Mr. Tofel was not the cause of any injuries to plaintiffs. Indeed, plaintiffs can show no damages from any delay in acquiring possession of the stock certificate. (They didn't acquire the stock certificate because Ms. Crone's lawyer has it. They clearly cannot blame Mr. Gorham for that.)

In opposition, plaintiffs proclaim that the trustee currently asserts no interest in the Akoustis stock certificate. (Opposition to Motion to Dismiss, page 10:4-9.) While the trustee may no longer be seeking to enjoin sale of the stock certificate, he was seeking to do so when Mr. Tofel was trying to find out who had physical possession of it.

In any event, plaintiffs could not exercise dominion over the certificate until after the trustee's rights to the certificate were worked out, which still has not occurred; nor until after it was turned over to them by Ms. Crone's lawyer, which has not happened. Further, the trustee still claims the *debtor's interest* in Ascendant/CKR Global – and that creates a separate hurdle for plaintiffs, as revealed in plaintiffs' opposition submission in this case. Ascendant/CKR Global is a deadlocked corporation.[4] Since the trustee still claims the

---

[2] See the allegations at para. 18, page 7 of the adversary Complaint in this case, that the debtor "purport[ed] to affect [sic] a change in the name of [plaintiff CKR] Global Advisors to 'Ascendant Global Advisors, Inc.'"

[3] See the complaint, filed May 17, 2017 (ECF-1) in Ehrenberg, Trustee v. Crone, et al., 2:17-ap-01276-BR, paras. 17 & 75 and ECF 4, the motion for preliminary injunction, filed May 23, 2017.

[4] See the filing made in this case – Exhibit I to the "Omnibus Declaration of Jeffrey Rinde in Support of Plaintiffs' Oppositions," ECF 56-3, at page 22, para. 39: "By reason of Advisors [sic] equal and divided ownership (between Rinde and Crone), and the deadlocked Board of Directors of Advisors (Crone and Rinde being the only two directors thereof). Advisors [sic] affairs should be
(Continued...)

3

debtor's interest in Ascendant/CKR Global, the stock represented by the Akoustis certificate cannot be sold if Ms. Crone's lawyer turns it over to plaintiffs unless the trustee acting for the debtor gives his permission that such a sale can occur. To date he has not done so. (Because of the deadlock, the stock could also not have been sold without Mr. Crone's consent before he filed the bankruptcy.)

Plaintiffs can thus show no damages. They never had and still don't have the right to sell the Akoustis stock. They don't have possession of the stock certificate through no fault of Mr. Gorham. And since plaintiff CKR Global is a deadlocked company, it is unlikely that *it* even has standing to bring this action.[5]

---

(...Continued)
wound down, its assets accounted for and liquidated, its creditors paid and any remaining assets distributed to its owners." "Advisors" refers to "CKR Global Advisors." *Id.*, at page 13, para. 4.

[5] In one of Mr. Rinde's declarations filed in this case (ECF 56-1), Mr. Rinde testifies at para. 18 that "at no time" during the second New York Action in state court, or in the district court or bankruptcy court in the Southern District of New York "did anyone raise or even suggest any issue with respect to my right, or the authority of Global Advisors, to pursue the relief that had been and is being sought, to wit, its right to recover Certificate 1091." ECF 56-1, page 6, lines 10-14. This is repeated in the Oppositions to both motions. (Anti-SLAPP Opposition, ECF 53, page 4:16-20; Motion to Dismiss Opposition, ECF 54, page 4, line 24 to page 5, line 1.)

These statements are untrue. The issue of Mr. Rinde's "right" to bring this action was expressly raised by Mr. Gorham's New York counsel in this case in his motion to transfer on April 28, 2017 and it is in this Court's record as well. See ECF 6 at page 7 (numbered page 4 of the motion), footnote 2:

> In the previous state court action (discussed below) the Company alleged (as it alleges here) that it is equally owned by Rinde and Crone, and further made explicit that the Company therefore has a "deadlocked board of directors." [Previous State Court Complaint, Blue Dec. Exh. C, at ¶ 39 (referencing the "equal and divided ownership" and "deadlocked Board of Directors.") *Since Mr. Crone did not authorize this action, or the retention of counsel, it is a mystery how the Company is authorized to bring these claims.* [Emphasis added.]

Lack of standing was mentioned but not pursued in New York because Mr. Gorham's efforts there were to have the matter transferred to this Court. Once the adversary proceeding found its way here defense counsel made the decision to pursue other fatal deficiencies in the complaint in the motion to dismiss although standing is clearly highly problematic.

## III.
## PLAINTIFFS' FAILURE TO DEMONSTRATE THAT MR. GORHAM'S PRIVILEGED CONDUCT CAN BE THE BASIS FOR A TORT CLAIM ALSO DOOMS THEIR COMPLAINT

Plaintiffs try to ignore the fact that Mr. Gorham's communicative conduct was privileged under California law. They claim that California's Litigation Privilege is not applicable and refer Court and counsel to their choice of law argument made in opposition to the special motion to strike, although they do not cite the reader to the section of their Anti-SLAPP motion opposition where their argument appears. (Opposition to Motion to Dismiss, page 10:21-25.)

Plaintiffs then argue that under New York state law they've adequately alleged "aiding and abetting" liability (*id.*, page 11, line 13 to page 12, line 22). They also argue that they've adequately alleged some sort of "intentional tort" liability as well under otherwise inapplicable California law (*id.*, page 12, line 23 to page 13, line 22).

Mr. Gorham invites the Court's attention to the choice of law arguments he has made in his concurrently-filed reply in support of his Special Motion to Strike. Those arguments demonstrate that California law applies to the entirety of this case. (Defendant Gary J. Gorham's Reply in Support of his Special Motion to Strike, Part II, pages 6-12.)

Assuming *arguendo* that New York law applies, application of *that* state's Litigation Privilege (which plaintiffs have failed to mention) also dooms the complaint. See, e.g., *Mosesson v. Jacob D. Fuchsberg Law Firm*, 257 A.D.2d 381, 683 N.Y.S.2d 88, 89 (1999) ("[A] statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation."). Pre-litigation statements are likewise privileged in New York so long as they are made in good faith anticipation of litigation, based upon a 2015 ruling by New York State's high court. *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 715. 719-720, 28 N.E.3d 15, 4 N.Y.S.3d 581 (2015).

The alternative argument plaintiffs make that Mr. Gorham's conduct constitutes some sort of "intentional tort" liability under California law (Opposition to Motion to Dismiss, page 12, line 23 to page 13, line 22) assumes California law applies. If it does,

5

any "intentional tort" liability is trumped by the California Litigation Privilege: "[T]he privilege is absolute and thus evidence of malice is irrelevant; the absolute privilege protects even statements which are false, fraudulent or motivated by malice." *Aronson v. Kinsella* (1997) 58 Cal.App.4th 254, 270, 68 Cal.Rptr.2d 305. This is because the purpose of the Litigation Privilege is "to encourage parties to feel free to exercise their fundamental right of resort to the courts for assistance in the resolution of their disputes, without being chilled from exercising this right by the fear that they may subsequently be sued in a derivative tort action arising out of something said or done in the context of the litigation." *Id.*, 58 Cal.4th at 262.

Under either New York or California law, Mr. Gorham's communicative conduct cannot form the basis of a tort claim against him.

## IV.
## AMENDMENT WILL NOT CURE THE FATAL DEFECTS IN THE COMPLAINT

Since plaintiffs sustained no damages, allowing them to amend their complaint would be fruitless. Likewise, since Mr. Gorham's communicative conduct – which is the basis for the claims against him – is privileged and immune from suit under both California and New York law, amendment would not cure that deficiency either. As a result, amendment should not be allowed.

## V.
## CONCLUSION

The motion to dismiss, as well as the special motion to strike, should each be granted.

Dated:  June 17, 2017

Respectfully submitted,

GARFIELD & TEPPER
A Partnership of Professional Corporations

By _____
    SCOTT J. TEPPER
Attorneys for Defendant Gary Gorham

6

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1801 Century Park East, Suite 2400, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): Defendant Gary J. Gorham's Reply in Support of His Special Motion to Strike; Supplemental Declaration of Gary J. Gorham; Exhibit

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/17/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Stephen F.Biegenzahn, efile@sfblaw.com
Leslie A.Cohen, leslie@lesliecohenlaw.com, J'aime K.Williams, jaime@lesliecohen.com,
Brian A.Link, brian@lesliecohen.com
Howard Ehrenberg, ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com, C123@ecfbis.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 07/17/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 07/17/2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| The Hon. Barry Russell | Lawrence E. Tofel | J. Bennett Friedman & Michael Sobkowiak |
| United States Bankruptcy Court | Lawrence E. Tofel, P.C. | Friedman Law Group, P.C. |
| 255 E. Temple St., Suite 1660 | 163 Washington Ave., Suite 5B | 1900 Avenue of the Stars, 11th Floor |
| Los Angeles, CA 90012 | Brooklyn, NY 11201 | Los Angeles, CA 90067 |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/17/2017 | Scott J. Tepper | /s/ Scott J. Tepper |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE