| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Scott J. Tepper (SB# 51693) <br> ScottJTepper@msn.com <br> GARFIELD & TEPPER <br> A Partnership of Professional Corporations <br> 1801 Century Park East, Suite 2400 <br> Los Angeles, California 90067 <br> Tel.: (310) 277-1981  •  Fax: (818) 225-5350 <br><br> ☐ Individual *appearing without an attorney* <br> X   *Attorney for:*  Defendant Gary Gorham | **FILED** <br> JUL 28 2017 <br> CLERK U.S. BANKRUPTCY COURT <br> CENTRAL DISTRICT OF CALIFORNIA <br> BY: _____ Deputy Clerk |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION

| In re: <br><br> MARK ELIAS CRONE, <br><br> <div align="right">Debtor</div> <br> ――――――――――――― <br> JEFFREY A. RINDE and CKR GLOBAL ADVISORS, INC., <br><br> <div align="right">Plaintiffs,</div> <br> v. <br><br> SUSAN CRONE, GARY GORHAM and LEONIDAS P. FLANGAS, <br><br> <div align="right">Defendants.</div> <br><br> <div align="right">Debtor(s)</div> | CASE NO.: 2-17-BK-12392-BR <br> CHAPTER: 7 <br> Adv. No. 2:17-ap-01289-BR <br><br><br> **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**  *(title of motion[1])*: <br><br> **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT GARY GORHAM'S SPECIAL MOTION TO STRIKE THE ADVERSARY COMPLAINT UNDER CALIFORNIA C.C.P. § 425.16)** |

PLEASE TAKE NOTE that the order titled **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT GARY GORHAM'S SPECIAL MOTION TO STRIKE THE ADVERSARY COMPLAINT UNDER CALIFORNIA C.C.P. § 425.16)** was lodged on *(date)* July 28, 2017 and is attached.  This order relates to the motion which is docket number 37.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9021-1.2.BK.NOTICE.LODGMENT**

1  Scott J. Tepper (SB# 51693)
   ScottJTepper@msn.com
2  GARFIELD & TEPPER
3  A Partnership of Professional Corporations
   1801 Century Park East, Suite 2400
4  Los Angeles, California 90067
5  Tel.: (310) 277-1981 ● Fax: (818) 225-5350

6  Attorneys for Defendant Gary Gorham

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11 | In re                          | Case No. 2-17-bk-12392-BR

12 | MARK ELIAS CRONE,              | Chapter 7

13 |                       Debtor;  | Adv. No. 2:17-ap-01289-BR

14 | _____ |
                                     | **PROPOSED FINDINGS OF FACT
15 | JEFFREY A. RINDE and CKR GLOBAL | AND CONCLUSIONS OF LAW ON
     ADVISORS, INC.,                | DEFENDANT GARY GORHAM'S
16 |                     Plaintiffs, | SPECIAL MOTION TO STRIKE
                                     | THE ADVERSARY COMPLAINT
17 |               -vs-.            | UNDER CALIFORNIA C.C.P. §
                                     | 425.16)**
18 | SUSAN CRONE, GARY GORHAM and    |
     LEONIDAS P. FLANGAS,           | [Relates to Docket Nos. 37, 53, 55, 56 &
19 |                     Defendants. | 61]
20 |                                 |
21 | _____ |
22

23         This matter came on for hearing on defendant Gary Gorham's regularly noticed

24 motion to strike (the "Motion"; Docket No. 37) pursuant to California C.C.P. § 425.16, on

25 July 25, 2017, at 10:00 a.m. before the Honorable Barry Russell, United States Bankruptcy

26 Judge.

27         At the hearing the Court heard argument and considered the Motion and supporting

28 papers, plaintiffs' opposition papers (Docket Nos. 53, 55 and 56) and Gorham's reply

LODGED
JUL 28 2017

1

1  (Docket No. 61). Appearances on the motion were: for defendant and moving party Gary

2  Gorham: Scott J. Tepper of Garfield & Tepper; for plaintiffs: J. Bennett Friedman of

3  Friedman Law Group.

4      After considering the Motion, oppositions and reply, and the evidence submitted in

5  support and opposition, and considering the arguments of counsel, and being fully apprised

6  in the matter, the Court makes the following findings of fact and conclusions of law on the

7  Motion as follows:

8                          **FINDINGS OF FACT:**

9      1.      Defendant Gary Gorham is, and at all material times was, a licensed

10 California attorney representing certain legal interests of Mark Crone ("Mr. Crone").

11     2.      Mr. Crone is the petitioner in the within Chapter 7 bankruptcy action and the

12 ex spouse of Susan Crone ("Ms. Crone"), a defendant in this adversary proceeding.

13     3.      Lawrence E. Tofel is an attorney licensed to practice in New York and

14 plaintiffs' counsel who has been admitted *pro hac vice* to appear in this Court in this

15 adversary proceeding.

16     4.      During 2017, while representing plaintiffs' interests, Tofel communicated

17 with Gorham concerning the location of a share certificate of the stock of Akoustis

18 Technologies (the "Certificate") which Tofel asserts belongs to plaintiffs.

19     5.      Gorham responded to Tofel's inquiries and made oral and written statements

20 to Tofel concerning the location of the Certificate, and other statements concerning and

21 related to the Certificate (collectively the "Communications"). When the Communications

22 were made by Gorham, he did so from within California.

23     6.      When the Communications were made by Gorham, the Certificate was not in

24 the possession of Mr. Crone. Rather, it was in the possession of Ms. Crone's attorney,

25 Leonidas Flangas, who is a lawyer licensed to practice in Nevada and a defendant in this

26 adversary proceeding,.

27     7.      At the time Gorham made the Communications, the Mark Crone Chapter 7

28 bankruptcy proceeding (2-17-BK-12392-BR) was pending and the trustee in bankruptcy

                                    2

1  was contemplating filing, and eventually did file, an adversary proceeding concerning the

2  Certificate (bearing case no. 2:17-ap-01276-BR).  Both Gorham and Tofel were aware of

3  the pendency of the Chapter 7 proceeding and that the trustee in bankruptcy was

4  considering filing an adversary proceeding concerning the Certificate, since each had

5  spoken to and corresponded with the trustee.

6      8.    Plaintiffs contend that at least some portion of the Communications were

7  deliberately inaccurate and fraudulent, constituted "aiding and abetting" conduct by

8  Gorham and caused them damages. Plaintiffs filed an action in the Supreme Court of New

9  York, County of New York on April 4, 2017 bearing index no. 153148/2017 (the "State

10  Action"), seeking possession of the Certificate from Ms. Crone and Flangas and damages

11  from all three defendants. The claims asserted in the State Action were state law claims.

12      9.    Gorham promptly removed the State Action to the United States District

13  Court for the Southern District of New York, which later transferred the action to the

14  United States Bankruptcy Court for the Southern District of New York (the "Removed

15  Action").

16      10.    The Removed Action was subsequently transferred to the United States

17  Bankruptcy Court for the Central District of California and is this adversary proceeding.

18      11.    On June 13, 2017, Gorham seasonably moved this Court to dismiss this

19  adversary proceeding as to him pursuant to the California Anti-SLAPP statute, C.C.P. §

20  425.16, contemporaneous with a motion to dismiss for failure to state a claim.

21                              **CONCLUSIONS OF LAW:**

22      1.    California law applies to this adversary proceeding and to the determination

23  of the state law issues presented in the Motion, under either California's choice of law or

24  New York's choice of law principles. California has the greater interest in the conduct of its

25  attorneys and their ability to represent their California clients in California litigation and

26  threatened California litigation than does New York, so California choice of law applies as

27  an initial matter and under California law, California Civil Code § 47(b) and California

28  C.C.P. § 425.16 govern resolution of the Motions.

3

2.    Under the California Litigation Privilege, embodied in California Civil Code § 47(b), and the case law interpreting the same, Gorham's Communications were and are absolutely privileged and cannot form the basis for a tort claim against him..

3.    Under the California Anti-SLAPP statute, C.C.P. § 425.16, statements made by counsel during pending or threatened litigation are protected communications and a lawsuit based on such communications implicates litigation conduct and is subject to a special motion to strike.

4.    Because Gorham's Communications are privileged, he is immune from suit for the tort claims alleged in the State Action, which is now the pending adversary proceeding.

5.    As a result of the foregoing, Gorham is entitled to have the special motion to strike granted since his Communications cannot form the basis for any of the tort claims alleged against him in the State Action, and now the pending adversary proceeding.

An order will follow.

# # #

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1801 Century Park East, Suite 2400, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____7/25/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Stephen F.Biegenzahn,** efile@sfblaw.com;
**Leslie A.Cohen,** leslie@lesliecohenlaw.com; **J'aime K.Williams,** jaime@lesliecohenlaw.com;
**Brian A.Link,** brian@lesliecohenlaw.com;
**Howard Ehrenberg,** ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com, C123@ecfbis.com,
hehrenberg@ecf.inforuptcy.com
**Jerome Bennett Friedman,** jfriedman@flg-law.com, msobkowak@flg-law.com, jmartinez@flg-law.com,
sbeigenzahn@flg-law.com,
**David B. Golubchik,** dbg@lnbyb.com, dbg@ecf.inforuptcy.com
**Jefffrey S. Kwong,** jsk@lnbyb.com, jsk@ecf.inforuptcy.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:  On (*date*) July 28, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Walter Benzija, Alan D.Halperin
Halperin Battaglia Benzija, LLP
40 Wall Street, 37th Floor
New York, NY 10005

X   Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 28, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple St.,Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 28, 2017 | Scott J. Tepper | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

PROOF OF SERVICE (CONTINUED)

Served by United States Mail:

  Lawrence E. Tofel
  Lawrence E. Tofel, P.C.
  163 Washington Ave., Suite 5B
  Brooklyn, NY 11205
  [Attorney for Plaintiffs]

  Leonidas P. Flangas
  600 S. Third Street,
  Las Vegas, NV 89101
  [Defendant in propria persona]

  John Brilling Horgan
  James K.Landau
  Ellenoff Grossman & Schole LLP
  1345 Avenue of the Americas, 11th Floor
  New York, NY 10105
  [Attorneys for Defendant Susan Crone]

  David M. Goodrich
  SulmeyerKupetz
  333 S Hope St., 35th Floor
  Los Angeles, CA 90071-1406
  [Attorney for Trustee]