**J. BENNETT FRIEDMAN, ESQ., State Bar No. 147056**
*jfriedman@flg-law.com*
**MICHAEL SOBKOWIAK, ESQ., State Bar No. 242718**
*msobkowiak@flg-law.com*

**FRIEDMAN LAW GROUP, P.C.**
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

Lawrence E. Tofel, Esq. (admitted *pro hac vice*)
**LAWRENCE E. TOFEL, P.C.**
163 Washington Ave., Ste. 5B
Brooklyn, NY 11205
Telephone: (212)-752-0007

Attorneys for Plaintiffs,
JEFFREY A. RINDE, and CKR GLOBAL ADVISORS, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARK ELIAS CRONE,<br><br>Debtor.<br>_____<br><br>JEFFREY A. RINDE and CKR GLOBAL ADVISORS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SUSAN CRONE, GARY GORHAM and LEONIDAS P. FLANGAS,<br><br>Defendants.<br>_____ | Case No. 2:17-bk-12392-BR<br><br>Chapter 7<br><br>Adv. No. 2:17-ap-01289-BR<br><br>**OPPOSITION TO MOTION FOR ATTORNEY'S FEES UNDER CALIFORNIA C.C.P. § 425.16(c) AND REQUEST FOR EVIDENTIARY HEARING**<br><br>**Hearing:**<br><br>Date: Sept 12, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 1668<br>      Roybal Federal Building<br>      255 East Temple Street<br>      Los Angeles, CA 90012 |

- 1 -

Plaintiffs Jeffrey A. Rinde ("Rinde") and CKR Global Advisors, Inc. ("Global Advisors," and together with Rinde, the "Plaintiffs") respectfully submit this opposition to Gary Gorham's ("Gorham" or "Defendant") *Motion for Attorney's Fees under California C.C.P. §425.16(c)* ("Fee Motion") [Docket No. 67]. For the reasons discussed below, the Fee Motion should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The attorney's fees requested are unreasonable and should be denied. First, this adversary proceeding (the "Adversary") was filed in New York. Defendant argued strenuously in the Anti-SLAPP Motion related briefing that the New York courts did not have jurisdiction over him. According to Defendant's counsel, Gregory A. Blue ("Blue"), "it was immediately apparent to me…that New York was not the proper forum" for Plaintiffs' claims. *See* Blue Decl. at Docket No. 67, p. 10:14-19. However, rather than move to dismiss the claims on grounds that were "immediately apparent" to Mr. Blue, Defendant instead elected to forgo what he contends would be a quick resolution of the litigation in New York, in favor of incurring enormous and unjustified attorneys' fees to shepherd the litigation to California. Defendant makes no effort to conceal this fact. Rather than actually litigate the question of jurisdiction in New York, Defendant instead chose to only "preserve" the argument.[1]

In fact, Defendant never attempted to pursue any resolution of the Adversary short of bringing the litigation to California. In Mr. Blue's own words: "my representation of Mr. Gorham in New York was focused almost entirely on moving the case to California, where it belonged, and where Mr. Gorham's special motion to strike [the "Anti-SLAPP Motion"] could be heard in a court familiar with that law." *Id.* at p. 10:23-25.

In short, as evidenced by the tone-deaf comments of Mr. Blue, Defendant could have, and should have, moved to have the Adversary dismissed in New York instead of transferring it to the

---

[1] *See, e.g.,* Gorham's Reply in Support of Special Motion to Strike [Docket No. 61] at p. 9 ("Thus, New York State court did not have in personam jurisdiction over Mr. Gorham, an issue preserved – and now relevant – in this Court.")

- 2 -

Central District of California.  Defendant engaged in unnecessary gamesmanship to have this case transferred to California for the specific purpose of abusing the fee-shifting provision of California's anti-SLAPP law.  For this reason, all fees should be denied.

Furthermore, the Fee Motion should be denied on the independent grounds that much of the fee request has no relation to the Anti-SLAPP Motion, and the time that was billed to preparation of the Anti-SLAPP Motion is unreasonable.  Notably, <u>all</u> the fees charged by attorney Blue were incurred for litigation activity concerned with removal and California jurisdiction (an issue that Defendant acknowledges could have been addressed very early in the Adversary), and not in preparing the Anti-SLAPP Motion.  Additionally, the fees requested by attorney Scott J. Tepper ("Terpper") are excessive.  Tepper sought to bolster his credibility as a SLAPP litigation expert by arguing at the July 25, 2017 hearing on the Anti-SLAPP Motion that he litigates this type of motion "every day."[2]  It is incomprehensible that someone so well versed in this area of law would need to spend 66.5 hours on a motion he routinely files.   A review of the Anti-SLAPP Motion suggests nothing unique about this particular filing.  The term "boilerplate" quickly comes to mind.

## II.

## STATEMENT OF FACTS

**A.     <u>Defendant and Blue Engaged in Forum Shopping to File a Motion to Strike in California Specifically and Exploit the Fee Shifting Provision.</u>**

This Adversary arises out of Defendant conspiring with, and aiding and abetting, Debtor Mark Crone, and co-defendants Susan Crone and Leonidas Flangas, in the theft of certificate 1091, representing 100,000 shares of the common stock of Akoustis Technologies, Inc. ("Certificate

---

[2] This statement appears true.  *See, e.g. Flannery v. Tepper,* 2016 WL 3679801 (Cal. Ct. App., July 6, 2016, No. B268576) (Plaintiff sued his former attorney, Tepper, for intentional interference with contractual relations after the attorney, in asserting a lien for fees, refused to assist plaintiff in the violation of a court order.  Tepper filed a special motion to strike the complaint as a SLAPP.); *Eskenazi v. Devitt*, 2010 WL 2838567 (Cal. Ct. App., July 21, 2010, No. B207543) (Tepper representing appellant in appeal of orders partially granting Anti-SLAPP motions); *Ishkanian v. Baker,* 2009 WL 27158 (Cal. Ct. App., Jan. 6, 2009, No. B204901) (Tepper representing respondents on appeal from order denying Anti-SLAPP motion); *Renaissance Academy Charter High School v. Westside Medical Park, LLC*, 2007 WL 4395408 (Cal. Ct. App., Dec. 18, 2007, No. B193655) (Tepper representing appellants on appeal of order denying Anti-SLAPP motion).

1091"), from Plaintiff Global Advisors, and their respective and collective concerted efforts to delay and hinder Global Advisors' recovery of what is indisputably and exclusively its property. Plaintiffs attempted to hold Defendant accountable for his role in aiding Crone's theft by filing this Adversary in New York state court. After Defendant had the case removed to the Southern District of New York, and then referred to the Bankruptcy Court for the Southern District of New York, Gorham aggressively litigated the issue of venue and the case was ultimately transferred to this Court, where Defendant's Anti-SLAPP Motion was granted on July 25, 2017. Defendant now seeks attorneys' fees in connection with the Anti-SLAPP Motion but in fact has presented claims for attorneys' fees that stretch far beyond those incurred in preparing the Anti-SLAPP Motion. Nearly all of the attorney hours expended by Blue were devoted to litigating multiple issues, including venue, in New York – but none of the fees relate to the Anti-SLAPP Motion. Those fees that were incurred by Blue in the context of the Anti-SLAPP Motion relate only to the question of personal jurisdiction – which Defendant strategically elected not to litigate.

Defendant had several potential ways to end this case in New York, where there is no provision in the law for attorneys' fees, instead of having it transferred to California. In addition to engaging in conduct intended to delay and increase the costs of litigation, described as "shenanigans" by the District Court, Defendant further stresses here that he could have easily moved to have the case dismissed in New York. Thus, by Defendant's own admission, all costs attendant to the Anti-SLAPP Motion could have been avoided, but for the fact that Blue and Defendant had a scheme to transfer the case to California specifically to file the Anti-SLAPP Motion and obtain attorneys' fees.

Despite Defendant's assertion that Plaintiffs might have known that a lawsuit for recovery of the stolen Certificate 1091 would relate to the Debtor's pending bankruptcy case, at the time that Plaintiffs filed this Adversary in New York on April 4, 2017, there was no awareness or suggestion that the stolen Certificate 1091 was the property of debtor's Estate. In fact, the Chapter 7 Trustee has long ago conceded that Certificate 1091 is *not* property of Debtor's estate. *See*

Trustee's *Reply to Opposition to Motion for Issuance of Preliminary Injunction* filed in *Ehrenberg v. Susan Crone*, Adv. Case No. 2:17-ap-01276-BR [Docket No. 16 at § II, A.] ("The Trustee Does Not Contend the AKTS Shares are Property of the Estate"]. Nonetheless, Defendant and Blue strategically linked the New York litigation and Debtor's bankruptcy case, in order to avail themselves of the fee-shifting provisions of the anti-SLAPP statute.

The purpose of California's anti-SLAPP statute is to discourage meritless SLAPP litigation, *and enable defendants to defeat them more quickly*, by permitting defendants to file a special motion to strike at the *inception* of the lawsuit. *See Braun v. Chronicle Publishing Co.*, 52 Cal. App. 4th 1036, 1042 (1997) ("The anti-SLAPP statute is designed to nip SLAPP litigation in the bud). Defendant has perverted the purpose of anti-SLAPP litigation, failing to pursue early resolution of the Adversary, and instead, making the generating of attorneys' fees an end in itself.

As identified above, Blue admitted in his Declaration attached to the Fee Motion, at ¶ 6, that his representation of Defendant in New York was focused exclusively on moving the case to California where the Anti-SLAPP Motion could be heard. This manipulating and greatly increasing the expense of litigation for the sake of gamesmanship and forum shopping to a district where fees are recoverable should not be rewarded.

### III.

### ANTI-SLAPP ATTORNEYS' FEES LAW

A. <u>The Court Should Exercise its Broad Discretion in Awarding Attorneys' Fees</u>.

The amount of an award of attorneys' fees under California's anti-SLAPP statute is discretionary. *Kearney v. Foley and Lardner,* 553 F. Sup*p.* 2d 1178, 1184 (S.D. Cal. 2008). "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The Court must have 'substantial evidence' to support the fee award. The party petitioning for attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. An attorney fee award should be reduced if claimed hours are 'excessive, redundant, or otherwise unnecessary'." *Id.* at

1184-5 (citations omitted).

In this case, the fees were unnecessary by Defendant's own contention. Defendant should have first sought dismissal of this Adversary in New York on jurisdictional grounds at relatively minimal cost, rather than incur tremendous expense to obtain dismissal by reason of California statute. A dismissal is a dismissal. Defendant should not be rewarded for perpetuating the litigation. Defendant deliberately sought to take advantage of California's anti-SLAPP statute and incurred unnecessary attorneys' fees only in order to attempt to recover them. This Court should not condone this egregious strategy pursued by Defendant, and deny the Fee Motion in its entirety.

### B. Attorney's Fees are Recoverable Only for the Motion to Strike.

The California Supreme Court held in *S.B. Beach Properties v. Berti (S.B. Beach Properties),* 39 Cal. 4th 374 (2006), that attorneys' fees for the prevailing party on an anti-SLAPP motion are only available for the motion to strike and no more: "[T]he fee 'provision applies only to the motion to strike, **and not to the entire action**." *S.B. Beach Properties*, 39 Cal. 4th at 380 (emphasis added); citing Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1264 (1991–1992 Reg. Sess.) as introduced Jan. 6, 1992, p. 5; and *Lafayette Morehouse, Inc. v. Chronicle Publishing Co. (Lafayette)* 39 Cal. App. 4th 1379, 1384 (1995) ("Legislature intended the fee language in section 425.16 subdivision (c) to apply only to the motion to strike.") Although the *Lafayette* decision predates a revised anti-SLAPP statute, the California Supreme Court specifically noted that the later legislative mandate to construe the anti-SLAPP statute broadly did not compel a different conclusion. *S.B. Beach Properties, supra*, at 382.

Here, Defendant seeks $37,510.88, for legal services performed by Blue, "to achieve the objective of removing and transferring this action." Blue Decl. at ¶ 16. Blue billed 65.6 hours. However, NONE of these fees were legitimately incurred in preparing the Anti-SLAPP Motion and therefore none may be recovered. It is clear that attorneys' fees are not available for the entire case and this is an attempt to recover fees for the entire case. Furthermore, Blue only charged Defendant $400 per hour yet wants this Court to award $565 per hour. The $37,510.88 figure was calculated using the $565 rate. The time sheets attached to Mr. Blue's declaration make no

reference to a discounted rate – only that the billing rate is $400 per hour.  No evidence is offered to support a $565 billing rate.  It is nonsensical for Defendant to ask this Court to award significantly more than the amount actually billed, utilizing an arbitrary hourly rate that is not identified in the time sheets or otherwise substantiated.

### C. The Fee Request is Excessive Given the Straightforward Issues Presented.

If the Court is inclined to award fees, it should exercise its discretion and award far less than the amount requested by Defendant.  In *Maughan v. Google Technology, Inc*. (*Maughan),* 143 Cal. App. 4th 1242 (2006), the California Court of Appeal affirmed a reduction of attorney fees and costs sought under the anti-SLAPP statute from $112,288 to $23,000.  *Maughan*, 143 Cal. App. 4th at 1248 (2006).  The court found the fees were excessive "especially since Google's counsel acknowledge that they are old hats at [anti-]SLAPP motions ... Such a motion should not have been such a monumental undertaking." *Id.* at 1251.  Google made much of the detailed factual record that needed to be developed for the motion but the court found the act of preparing an anti-SLAPP motion simply did not merit the time expended. *Id.* at 1252.

If the Court is inclined to award any fees at all, those fees should be greatly reduced. Tepper states in his Declaration at paragraph ¶ 9 that he spent 66.5 hours on the Anti-SLAPP motion.  For an attorney whose practice, by his own words, is focused on anti-SLAPP litigation, the purported number of hours to prepare the Anti-SLAPP Motion is clearly excessive.  Tepper attempts to justify the excessive amount of time by asserting a need to learn the straightforward underlying facts and procedural history, research New York law, and review and analyze numerous exhibits to Plaintiffs' filings which Tepper contends were irrelevant to the Anti-SLAPP Motion. Tepper Decl. at ¶¶ 7 and 8.

Every case involves learning underlying facts, and it is hard to imagine why reviewing exhibits that are irrelevant to the Anti-SLAPP Motion could require more than a cursory review. Tepper too is an "old hat" at SLAPP litigation.  His billing rate is $650 per hour.  A reasonable expenditure of time for the Anti-SLAPP Motion should be no more than 20 hours, including court time.  This equals $13,000.

## IV.

## CONCLUSION AND REQUEST FOR EVIDENTIARY HEARING

For the foregoing reasons, Plaintiffs request that the Court deny the Fee Motion, or, in the alternative, set the matter for an evidentiary hearing and permit live cross-examination by Plaintiffs.

Respectfully submitted,

DATED: August 28, 2017    FRIEDMAN LAW GROUP, P.C.

By: _____
J. BENNETT FRIEDMAN, ESQ.
MICHAEL SOBKOWIAK, ESQ.
Attorneys for Plaintiffs
Jeffrey A. Rinde and CKR Global Advisors

- 8 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **OPPOSITION TO MOTION FOR ATTORNEY'S FEES UNDER CALIFORNIA C.C.P. § 425.16(c) AND REQUEST FOR EVIDENTIARY HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 8/29/2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Stephen F Biegenzahn**    efile@sfblaw.com
- **Leslie A Cohen**    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- **Howard M Ehrenberg (TR)**    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- **Jerome Bennett Friedman**    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com
- **David B Golubchik**    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- **Jeffrey S Kwong**    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- **Theresa Mains**    theresa@theresamainspa.com
- **Scott J Tepper**    scottjtepper@msn.com, scottjtepper@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 8/29/2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/29/2017 | Jackeline Martinez | /s/Jackeline Martinez |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**VIA US MAIL**

Susan I. Crone
104 Hollister Way South
Glastonbury, CT 06033

Leonidas P. Flangas
600 S. Third Street,
Las Vegas, NV 89101

Gary J. Gorham
Raskin Gorham Anderson Law
11333 Iowa Ave
Los Angeles, CA 90025-4214

Gregory A. Blue
Riker Danzig Scherer Hyland Perretti LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110

Alan D. Halperin
Walter Benzija
Halperin Battaglia Benzija, LLP
40 Wall Street, 37th Floor
New York, NY 10005

Lawrence E. Tofel
Lawrence E. Tofel, P.C.
163 Washington Ave., Suite 5B
Brooklyn, NY 11205

V. James DeSimone Law
V.James DeSimone Law
13160 Mindanao Way STe 280
Marino Del Rey, CA 90292

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**