1  Scott J. Tepper (SB# 51693)
2  ScottJTepper@msn.com
   GARFIELD & TEPPER
3  A Partnership of Professional Corporations
   1801 Century Park East, Suite 2400
4  Los Angeles, California 90067
5  Tel.: (310) 277-1981  Fax:  (818) 225-5350

6  Attorneys for Defendant Gary Gorham

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

**SEP 0 5 2017**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                        Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2-17-bk-12392-BR |
| MARK ELIAS CRONE, | Chapter 7 |
| Debtor; | Adv. No. 2:17-ap-01289-BR |
| JEFFREY A. RINDE and CKR GLOBAL ADVISORS, INC., | **DEFENDANT GARY GORHAM'S REPLY IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES; SUPPLEMENTAL DECLARATION OF SCOTT J. TEPPER; EXHIBITS** |
| Plaintiffs, | |
| -vs.- | |
| SUSAN CRONE, GARY GORHAM and LEONIDAS P. FLANGAS, | **Hearing** |
| Defendants. | Date:    September 12, 2017<br>Time:    10:00 a.m.<br>Ctrm:    1668<br>Judge:  Hon. Barry Russell |

### I.

### INTRODUCTION

Plaintiffs' opposition to defendant Gary Gorham's motion for attorney's fees is not well taken.  Plaintiffs' arguments as to the simplicity of this action are belied by their own pleading conduct and the various orders of the three courts which have dealt with this

1

1  matter. Their argument as to "forum shopping" turns the concept on its head. In advancing

2  their arguments based on case law, plaintiffs cite and rely on an irrelevant California

3  Supreme Court case while ignoring binding Ninth Circuit precedent on the issue of what

4  legal services are compensable when successfully striking a SLAPP: a successful defendant

5  is entitled to the "attorney's fees and costs to compensate [him] for the expense of

6  responding to the SLAPP suit." *United States ex rel. Newsham v. Lockheed Missiles &*

7  *Space Co.*, 190 F.3d 963, 971 (9th Cir. 1999) *(Newsham)*.

8      Plaintiffs argue that defendant unfairly "set them up." But plaintiffs are not being

9  candid with this Court since the opposite is the case. Candor would require plaintiffs to

10 apprise this Court that defendant Gorham's California counsel requested that plaintiffs

11 voluntarily dismiss their adversary complaint against him, a week before he was required to

12 respond – a voluntary dismissal which would have precluded Mr. Gorham from seeking any

13 attorney's fees at all.

14     Plaintiffs put on no evidence of their own to counter Mr. Gorham's submission, and

15 they point to no part of defendant's submission that is excessive, making an evidentiary

16 hearing unnecessary and wasteful. Based on plaintiffs' opposition it is clear that this Court

17 has the discretion to award all of the fees requested, and that it should do so.[1]

18

19                                    **II.**

20 **DEFENDANT REQUESTED THAT PLAINTIFFS VOLUNTARILY DISMISS
   THIS ACTION BEFORE FILING THE ANTI-SLAPP MOTION**

21     As set forth in the attached Supplemental Declaration of Scott J. Tepper, at ¶ 2,

22 immediately after undersigned counsel was engaged to represent Mr. Gorham, and with an

23 impending deadline to file a response to the adversary complaint, Mr. Tepper wrote an

24 email to the attorney then appearing for plaintiffs in California, Stephen Biegenzahn. The

25

---

[1]     Plaintiffs' repeated suggestion that this Court should award no fees (Opposition, p. 2:4, p.
26 6:7-8, p. 7:15, p. 8:3), is contrary to the case law which holds that "It is well settled that an award
   of attorney's fees and costs to a successful anti-SLAPP movant is *mandatory*." *Kearney v. Foley &*
27 *Lardner*, 553 F.Supp.2d 1178, 1181 (S.D. Cal. 2008) [emphasis added], citing *Ketchum v. Moses*
   (2001) 24 Cal.4th 1122, 1131.

28

1  June 7, 2017 email is short, and to the point. It is instructive to set it forth in its entirety

2  here, as it eviscerates plaintiffs' arguments that all of Mr. Gorham's conduct was

3  undertaken solely for the purpose of obtaining attorney's fees:

> We represent Gary Gorham who has been sued in an adversary
> proceeding in the Crone Bankruptcy, Rinde and CKR Global
> Advisors v. Crone, USBC CD Cal. 17-ap-01289-BR. I note
> from a review of PACER that you have apparently made an
> appearance to represent CKR Global Advisors.
>
> While the complaint originally filed in New York state court,
> removed to federal district court, referred to the bankruptcy
> court in New York and now transferred to the Crone
> bankruptcy, is unclear as to the basis for liability against Mr.
> Gorham (and is subject to a motion to dismiss for failure to state
> a claim), what is clear is that Mr. Gorham was sued for
> statements he made to your co-counsel, Lawrence Tofel, in
> connection with pending and threatened litigation.
>
> The statements were made while Mr. Gorham was representing
> the interests of Mark Crone regarding a bankruptcy asset, about
> a month after the bankruptcy proceeding had been filed. Mr.
> Crone was a California resident, the bankruptcy was pending in
> California, and Mr. Gorham believed the asset was also in
> California. Mr. Tofel and Mr. Gorham both copied the trustee in
> the Crone bankruptcy, Mr. Ehrenberg, on all the relevant
> communications. As such, California Civil Code § 47(a) made
> Mr. Gorham's statements privileged and the complaint filed by
> Mr. Tofel subject to the California anti-SLAPP statute. Sarver
> v. Chartier, 813 F.3d 891 (9th Cir. 2016)(applicability of anti-
> SLAPP statute and application of California law); In re Bah,
> 321 B.R. 41 (9th Cir. BAP 2005) (same, bankruptcy);
> GeneThera, Inc. v. Troy & Gould Professional Corp. (2009) 171
> Cal.App.4th 901, 908 (litigation privilege applied to
> communications with opposing counsel).
>
> Mr. Gorham's response is due next week. *It is the purpose of
> this letter to request that the complaint against Mr. Gorham be
> dismissed no later than Friday, June 9, 2017. If not dismissed
> by that date we intend to appear, file a special motion to strike,
> and to seek our attorney's fees.* [Emphasis added.]

23  (See Exhibit 1 attached to this reply.)  In fact, all of Mr. Gorham's conduct was undertaken

24  to have him removed – voluntarily or involuntarily – from this adversary proceeding.

25      Mr. Biegenzahn responded with a brief email "Scott – not there yet, [¶] Let's later

26  [sic] in the week." (See exhibit 2 attached to this reply.)  This exchange of emails occurred

27  on a Wednesday, so "later in the week" would have been Thursday or Friday.

28

1    Two days later, Lawrence Tofel, New York counsel for plaintiffs – who had not

2  made an appearance in this adversary proceeding – wrote an email letter whose tone was

3  similar to the tone of his correspondence and prior threats to sue both Mr. Gorham and

4  Gregory Blue, Mr. Gorham's New York counsel.  The entire email is attached to this reply

5  as exhibit 3, but the salient portion is as follows:

> While I am not privy to all of your communications with my clients' local counsel, *I am informed that you have made unseemly threats - and made demands for an immediate response* - based upon your perception that the claims asserted against Mr. Gorham are based exclusively on oral communications made by him in communications you assert are somehow privileged. While other counsel are addressing other matters, I thought it would be appropriate to respond to you in order to correct your apparent misunderstandings.

> I respectfully suggest and recommend that you reread the verified complaint and the transcript of proceedings in the case which have explained those claims. While surely Mr. Gorham made material misrepresentations which, in furtherance of a fraud, would not be protected by any legally recognized privilege, the facts are also that Mr. Gorham's liability, and the damage sustained by my clients for which it is claimed he is liable, results from his conduct and not solely any misstatements made by him. [Emphasis added.]

16    Mr. Tofel's email was emblematic of the approach of plaintiffs and their lawyers.  In

17  response to a polite and professional letter, briefly citing relevant case law and requesting a

18  dismissal so that an Anti-SLAPP motion did not have to be filed, Tofel accused his

19  opposing counsel of making "unseemly threats." Notably, Mr. Tofel did not offer an

20  extension of time to file a response or seek any further discussion; rather, he asked for

21  authorities on an irrelevant issue (a supposed conflict of interest by Mr. Gorham), and

22  ended the email by stating that if such authority was provided on *that* issue "we will review

23  it and respond promptly and accordingly." It was clear there would be no dismissal; the

24  Anti-SLAPP motion followed and was timely filed.

25    While in their opposition plaintiffs cite *S.B. Beach Properties v. Berti* (2006) 39

26  Cal.4th 374, 380 (*Berti*) for the proposition that fees are awardable only for legal services

27  directed to the motion to strike (Opposition, p. 6:10-13), in fact that case stands only for the

28  proposition that dismissal of a lawsuit before an Anti-SLAPP motion is filed prohibits the

1 | defendant from seeking attorney's fees for such a motion. The holding can be found at 39

2 | Cal.4th at 383: "Accordingly, we hold that defendants who do not file an anti-SLAPP

3 | motion before plaintiffs' voluntary dismissal, may not recover attorney fees and costs

4 | pursuant to section 425.16, subdivision (c)."

5 | Thus, Mr. Gorham's polite email request for a dismissal expressly counters

6 | plaintiffs' primary assertion in their opposition that "Defendant deliberately sought to take

7 | advantage of California's anti-SLAPP statute and incurred unnecessary attorney's fees only

8 | in order to attempt to recover them." (Opposition, p. 6:6-7.) In fact, the opposite was true.

9 | **III.**

10 | **PLAINTIFFS' CLAIMS THAT DEFENDANT GORHAM FORUM-SHOPPED**

11 | Plaintiffs make the astounding claim that defendant Gorham forum-shopped.

12 | (Opposition, pp. 3-5.) But it is clear that plaintiffs filed this action in a New York State

13 | court which did not have jurisdiction over either Mr. Gorham or this dispute – a dispute

14 | which involved an asset of an asset of Mark Crone's bankruptcy estate – and that plaintiffs

15 | pressed that argument in the New York district court and bankruptcy court.   Plaintiffs

16 | ignore those facts.

17 | The purpose of plaintiffs' claims that they did not forum-shop, but that Mr. Gorham

18 | did, is to make the argument that Mr. Gorham should have utilized one of the "several

19 | potential ways to end this case in New York, where there is no provision in the law for

20 | attorney's fees, instead of having it transferred to California." (Opposition, p. 4:14-15.) In

21 | other words, plaintiffs would have liked their SLAPP against Mr. Gorham to have punished

22 | him in a forum where he could not obtain the legal redress to which he was and is entitled.

23 | Plaintiffs then argue that Mr. Gorham should have moved to dismiss in New York

24 | "on jurisdictional grounds at a relatively minimal cost, rather than incur tremendous

25 | expense to obtain dismissal by reason of California statute." (Opposition, p. 6:3-5.)  But

26 | such a dismissal would not have ended the lawsuit, since plaintiffs could re-file a case

27 | dismissed in New York for lack of jurisdiction in California, where there was jurisdiction.

28 |

1    While plaintiffs' argument is an attempt to second-guess what Mr. Gorham did, this

2    Court may also view it for what it is – an admission that the New York courts did not have

3    jurisdiction over Mr. Gorham and that if Mr. Gorham had fought the case out in New York

4    State court with Mr. Tofel, he would have prevailed.  Mr. Gorham submits there is no other

5    way to understand plaintiffs' argument. Nonetheless, Mr. Gorham was entitled to resolution

6    of the claims against him on the merits, which has now been achieved.

7                                          **IV.**

8                                **AMOUNT OF AWARD**

9    Plaintiffs complain of the amount of the fees requested, but other than complaining

10   that in their view the case was relatively straightforward (Opposition, p. 7:5 & p. 7:19),

11   they do not point to any work (in very detailed billings) that was *not* required. And the

12   contention that the case was straightforward is demonstrably untrue; plaintiffs made it very

13   complicated.[2]

14   Not only was the paperwork filed by plaintiffs voluminous (and almost all of that

15   paperwork turned out to be utterly irrelevant and make-work), but plaintiffs injected

16   complex choice of law and conflict of laws issues into the case, arguing New York law

17   applied, not California law. That, in turn, raised in personam jurisdiction issues, which

18   implicated threshold choice of law issues as to which state's choice of law regime should

19   initially be consulted.  While undersigned counsel has handled many Anti-SLAPP cases

20   (although only one of the 4 cases cited in footnote 2, p. 3 of the Opposition[3]), none has ever

21   _____

22   [2]    While plaintiffs' dispute the time spent, they do not dispute undersigned counsel's billing
       rate – Opposition, p. 7:25. As to Mr. Blue's time, plaintiffs claim "No evidence is offered to
23   support a $565 billing rate.  *Id.*, p. 7:1-2. In making that statement plaintiffs ignore Mr. Blue's
       declaration filed in support of the fee motion.  See, e.g., Declaration of Gregory A. Blue at p. 11, ¶
24   14: "My customary hourly rate for comparable work is $565 per hour. This is a competitive market
       rate in New York City for comparable work by attorneys of similar skill and experience My rates
25   have been approved and paid in bankruptcy cases in the Southern District of New York including,
       most recently, *In re: Transmar Commodity Group, Ltd.*, Case No. 16-13625 (Bankr. S.D.N.Y.)."

26   [3]    There are other attorneys in California with the surname "Tepper," all of whom are
27   unrelated to undersigned counsel. Indeed, there is even another "Scott Tepper" licensed to practice
       law in California.

28

1   raised these issues. (The *Renaissance Academy* case cited in footnote 2 involved a building

2   permit and certificate of occupancy pending before the Los Angeles Department of

3   Building & Safety, and statements made to the Department concerning those matters. See

4   Supplemental Declaration at ¶¶ 5 & 6.)

5       As to the amount sought, while every attorney's fee claim will stand on its own

6   facts, six figure awards have been upheld on appeal in hard fought cases dating back over a

7   dozen years. For every *Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242

8   (cited in Opposition, p. 7:7-8), there is a case in which six figure fees was awarded. The

9   most publicized Anti-SLAPP case was Barbra Streisand's famous invasion of privacy

10  lawsuit brought against photographer Ken Adelman in 2003. The 2005 dismissal of that

11  case under the California anti-SLAPP law led to an attorney's fee award of $155,567

12  against Ms. Streisand. (See https://en.wikipedia.org/wiki/Streisand_effect; "Streisand

13  effect; Origin of the term," website last accessed September 1, 2017.)

14      In *Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 468, 486-489, the

15  California court of appeal recently affirmed the trial court's award of a total of $162,059.38

16  to two firms which successfully defended a false advertising claim through a special motion

17  to strike under C.C.P. § 425.16.

18      In Federal litigation, the Ninth Circuit recently upheld the trial court's award of

19  $260,506.50 to lawfirm defendants following a successful anti-SLAPP motion striking

20  claims against the firm challenging its prior litigation activities that were a subject of the

21  lawsuit. *Graham-Sult v. Clainos*, 756 F.3d 724, 751, 753 (9th Cir. 2014).

22      This case was particularly hard fought and was made more complex by various

23  decisions of plaintiffs' counsel, decisions which were precisely designed to make the case

24  inconvenient and expensive for Mr. Gorham to defend. The lawsuit began in New York

25  State supreme court, was removed to the Federal district court in Manhattan, transferred to

26  the New York bankruptcy court and eventually transferred to this Court because the asset

27  the subject of the lawsuit was also a potential asset of the bankruptcy estate (or, more

28

1  correctly, a potential asset of an asset). Plaintiffs opposed every step of the way and

2  threatened to sue Mr. Blue for the offense of representing his client's interests.

3       In this Court plaintiffs had the opportunity to dismiss the case when defendant

4  Gorham's counsel politely requested it be dismissed because it ran afoul of both the

5  California litigation privilege and was a SLAPP. (See Part II, above.) But rather than

6  dismissing the case, plaintiffs' counsel demonstrated what the case was all about as to Mr.

7  Gorham – they doubled down, filed a voluminous opposition, and stubbornly made

8  arguments that required the expenditure of significant additional legal resources. Their

9  assertions now that they should not bear the full consequences of the decisions they made

10  should not be rewarded. They and they alone are responsible for what they did.

11       As a result, Mr. Gorham is entitled to the "attorney's fees and costs to compensate

12  [him] for the expense of responding to the SLAPP suit," just as in the Ninth Circuit case of

13  *Newsham, supra,* 190 F.3d at 971.

14

15  **V.**

16  **PLAINTIFF SHOULD BE COMPENSATED FOR ALL WORK
IN SERVICE OF THE ANTI-SLAPP MOTION**

17       Defendant Gorham has not sought any compensation for the work performed by his

18  undersigned counsel on the motion to dismiss or for other collateral matters. (See Motion,

19  p. 7:19-23; Declaration of Scott J. Tepper at p. 14:25, ¶ 9.) He has sought compensation

20  only for the work undersigned counsel expended in pursuing the Anti-SLAPP motion. But

21  Mr. Gorham has sought compensation for all work performed by Mr. Blue in New York as

22  it was in service of having the case transferred to California and this Court so that the

23  lawsuit could be dismissed as a SLAPP. Mr. Blue's fees were incurred relating to Mr.

24  Gorham "responding to the SLAPP suit" and under *Newsham* such fees should be awarded.

25       Plaintiffs argue that the "holding" in *Berti* is to the contrary. (Opposition, p. 6:10:

26  "The California Supreme Court held in [*Berti*] . . .") But that holding, as discussed above at

27  page 5:2-4 of this Reply, was that "defendants who do not file an anti-SLAPP motion

28  before plaintiffs' voluntary dismissal, may not recover attorney fees and costs pursuant to

8

1  section 425.16, subdivision (c)." 39 Cal.4th at 383. The language cited and quoted by

2  plaintiffs – which they represent was the "holding" (Opposition, p. 6:12-13) – was nothing

3  of the sort; it was the Supreme Court quoting some of the legislative history of the Anti-

4  SLAPP statute. And the other case cited as authority by plaintiffs, *Lafayette Morehouse,*

5  *Inc. v. Chronicle Publishing Co.* (1995) 39 Cal.App.4th 1379 (Opposition, p. 6:15-16)

6  antedated *Newsham* by several years (and was cryptic as to what services were not related

7  to the Anti-SLAPP motion).

8      While Mr. Gorham contends that all of the New York work was for the purpose of

9  having the Anti-SLAPP motion heard in the proper forum, to the extent that this Court

10  believes otherwise, Mr. Gorham asserts that such work was done "responding" to the

11  SLAPP suit and that under *Newsham*, he is entitled to be compensated those fees as well.

12  This is especially true since plaintiffs have essentially admitted in their Opposition that the

13  case would have been dismissed in New York for lack of jurisdiction.

## VI.

## CONCLUSION

16      There is no need to hold an evidentiary hearing. This Court should award defendant

17  Gorham the fees he has incurred in the full amount requested.

Dated:  September 4, 2017

                              Respectfully submitted,

                              GARFIELD & TEPPER
                              A Partnership of Professional Corporations

                              By _____
                                    SCOTT J. TEPPER
                              Attorneys for Defendant Gary Gorham

## SUPPLEMENTAL DECLARATION OF SCOTT J. TEPPER

Scott J. Tepper declares:

1. I make reference to the declaration I previously submitted in support of Gary Gorham's motion for attorney's fees as the successful movant on his Anti-SLAPP motion. I make this supplemental declaration in further support of that motion.

2. I was engaged by Mr. Gorham on June 7, 2017 and after speaking to Mr. Gorham but before undertaking a review of the lawsuit, I realized immediately that it was a SLAPP which would not survive an Anti-SLAPP motion in a California court. I therefore wrote an email to Stephen Biegenzahn, the only California attorney who had appeared for plaintiffs, requesting the action be promptly dismissed. A true copy of my email is attached as Exhibit 1. It was my understanding that if the case was dismissed upon my request, and before I filed the Anti-SLAPP motion, that Mr. Gorham would not be entitled to any attorney's fees.

3. I received a reply email from Mr. Biegenzahn later that day. I attach a true copy of that email as Exhibit 2.

4. Two days after my email exchange with Mr. Biegenzahn I received an email from Mr. Tofel. I attach a true copy of that email to this declaration as Exhibit 3. It was clear from that email that Mr. Tofel had no interest in dismissing the action, that he wanted to engage me in irrelevant issues, and that he knew nothing of the California Anti-SLAPP statute. Rather than waste my time and reply to Mr. Tofel's inquiry concerning irrelevant conflicting representation issues, and because my time was limited in preparing the response that was required, I did not to reply.

5. I have handled many Anti-SLAPP cases. I have never handled an Anti-SLAPP case with the choice of law, conflict of laws and in personam jurisdiction issues presented by this case. I have never handled an Anti-SLAPP motion in a Federal district court or bankruptcy court.

6. Of the four cases mentioned in footnote 2 of plaintiffs' Opposition, I represented the defendants in only the *Renaissance Academy* case. The issue in that case

1    was whether statements made to the Los Angeles City Department of Building & Safety

2    concerning a building permit and certificate of occupancy sought by a charter school were

3    covered by the Anti-SLAPP statute. That case did not involve any of the issues involved in

4    this case.

5        I declare, under penalty of perjury under the laws of the United States that this

6    declaration is executed this 4th day of September 2017 at Los Angeles, California.

7

8                          SCOTT J. TEPPER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  1

# Bankruptcy of Mark Crone; Rinde and CKR Global Advisors v. Crone, USBC CD Cal. 17-ap-01289-BR

Scott J. Tepper <scottjtepper@msn.com>

Wed 6/7/2017 12:00 PM

To:steve@sfblaw.com <steve@sfblaw.com>;

Mr. Biegenzahn:

We represent Gary Gorham who has been sued in an adversary proceeding in the Crone Bankruptcy, Rinde and CKR Global Advisors v. Crone, USBC CD Cal. 17-ap-01289-BR. I note from a review of PACER that you have apparently made an appearance to represent CKR Global Advisors.

While the complaint originally filed in New York state court, removed to federal district court, referred to the bankruptcy court in New York and now transferred to the Crone bankruptcy, is unclear as to the basis for liability against Mr. Gorham (and is subject to a motion to dismiss for failure to state a claim), what is clear is that Mr. Gorham was sued for statements he made to your co-counsel, Lawrence Tofel, in connection with pending and threatened litigation.

The statements were made while Mr. Gorham was representing the interests of Mark Crone regarding a bankruptcy asset, about a month after the bankruptcy proceeding had been filed. Mr. Crone was a California resident, the bankruptcy was pending in California, and Mr. Gorham believed the asset was also in California. Mr. Tofel and Mr. Gorham both copied the trustee in the Crone bankruptcy, Mr. Ehrenberg, on all the relevant communications. As such, California Civil Code § 47(a) made Mr. Gorham's statements privileged and the complaint filed by Mr. Tofel subject to the California anti-SLAPP statute. Sarver v. Chartier, 813 F.3d 891 (9th Cir. 2016)(applicability of anti-SLAPP statute and application of California law); In re Bah, 321 B.R. 41 (9th Cir. BAP 2005) (same, bankruptcy); GeneThera, Inc. v. Troy & Gould Professional Corp. (2009) 171 Cal.App.4th 901, 908 (litigation privilege applied to communications with opposing counsel).

Mr. Gorham's response is due next week. It is the purpose of this letter to request that the complaint against Mr. Gorham be dismissed no later than Friday, June 9, 2017. If not dismissed by that date we intend to appear, file a special motion to strike, and to seek our attorney's fees.


SCOTT J. TEPPER
Law Offices of
GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
Tel:   310-277-1981
Fax:  818-225-5350
Cell: 310-359-3271
scottjtepper@msn.com

**EXHIBIT 1**

**EXHIBIT  2**

# RE: Bankruptcy of Mark Crone; Rinde and CKR Global Advisors v. Crone, USBC CD Cal. 17-ap-01289-BR

**Steve Biegenzahn <steve@sfblaw.com>**

Wed 6/7/2017 1:13 PM

To:Scott J. Tepper <scottjtepper@msn.com>;

Scott -- not there yet.
Let's later in the week.

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Scott J. Tepper" <scottjtepper@msn.com>
Date: 6/7/17 12:00 PM (GMT-08:00)
To: steve@sfblaw.com
Subject: Bankruptcy of Mark Crone; Rinde and CKR Global Advisors v. Crone, USBC CD Cal. 17-ap-01289-BR

Mr. Biegenzahn:

We represent Gary Gorham who has been sued in an adversary proceeding in the Crone Bankruptcy, Rinde and CKR Global Advisors v. Crone, USBC CD Cal. 17-ap-01289-BR. I note from a review of PACER that you have apparently made an appearance to represent CKR Global Advisors.

While the complaint originally filed in New York state court, removed to federal district court, referred to the bankruptcy court in New York and now transferred to the Crone bankruptcy, is unclear as to the basis for liability against Mr. Gorham (and is subject to a motion to dismiss for failure to state a claim), what is clear is that Mr. Gorham was sued for statements he made to your co-counsel, Lawrence Tofel, in connection with pending and threatened litigation.

The statements were made while Mr. Gorham was representing the interests of Mark Crone regarding a bankruptcy asset, about a month after the bankruptcy proceeding had been filed. Mr. Crone was a California resident, the bankruptcy was pending in California, and Mr. Gorham believed the asset was also in California. Mr. Tofel and Mr. Gorham both copied the trustee in the Crone bankruptcy, Mr. Ehrenberg, on all the relevant communications. As such, California Civil Code § 47(a) made Mr. Gorham's statements privileged and the complaint filed by Mr. Tofel subject to the California anti-SLAPP statute. Sarver v. Chartier, 813 F.3d 891 (9th Cir. 2016)(applicability of anti-SLAPP statute and application of California law); In re Bah, 321 B.R. 41 (9th Cir. BAP 2005) (same, bankruptcy); GeneThera, Inc. v. Troy & Gould Professional Corp. (2009) 171 Cal.App.4th 901, 908 (litigation privilege applied to communications with opposing counsel).

Mr. Gorham's response is due next week. It is the purpose of this letter to request that the complaint against Mr. Gorham be dismissed no later than Friday, June 9, 2017. If not dismissed by that date we intend to appear, file a special motion to strike, and to seek our attorney's fees.

1 of 2                                    **EXHIBIT 2**

SCOTT J. TEPPER
Law Offices of
GARFIELD & TEPPER
1801 Century Park East, Suite 2400
Los Angeles, CA 90067-2326
Tel:    310-277-1981
Fax:   818-225-5350
Cell:  310-359-3271
scottjtepper@msn.com

**EXHIBIT  3**

# Crone - Global Advisors and Rinde. vs. Gorham


## Lawrence Tofel

Fri 6/9/2017 4:16 PM

To:scottjtepper@msn.com <scottjtepper@msn.com>;

Cc:Stephen Biegenzahn <steve@sfblaw.com>;


Mr. Tepper

I understand you represent Gary Gorham as a defendant in the referenced Adv. Pro. now transferred from New York to CA.

While I am not privy to all of your communications with my clients' local counsel, I am informed that you have made unseemly threats - and made demands for an immediate response - based upon your perception that the claims asserted against Mr. Gorham are based exclusively on oral communications made by him in communications you assert are somehow privileged. While other counsel are addressing other matters, I thought it would be appropriate to respond to you in order to correct your apparent misunderstandings.

I respectfully suggest and recommend that you reread the verified complaint and the transcript of proceedings in the case which have explained those claims.  While surely Mr. Gorham made material misrepresentations which, in furtherance of a fraud, would not be protected by any legally recognized privilege, the facts are also that Mr. Gorham's liability, and the damage sustained by my clients for which it is claimed he is liable, results from his conduct and not solely any misstatements made by him.

If you believe that Mr. Gorham is immune from liability for his acts and omissions undertaken, variously and/or simultaneously, on behalf of Mark and/or Susan Crone (notwithstanding the clear conflicts of interest between them that preclude any attorney from properly acting for both of them in the same case involving clear fraud), please provide such authority and we will review it and respond promptly and accordingly.

Regards,

Lawrence E. Tofel, Esq.
Mobile: (917) 847-1433

Via iPhone. Please forgive the typos.

**EXHIBIT  3**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1801 Century Park East, Suite 2400, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANT GARY GORHAM'S REPLY IN
SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES; SUPPLEMENTAL DECLARATION OF SCOTT J. TEPPER;
EXHIBITS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
09/04/2017_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Stephen F.Biegenzahn, efile@sfblaw.com

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  09/05/2017_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  09/05/2017_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
The Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple St.,Suite 1660
Los Angeles, CA90012

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

09/05/2017    Scott J. Tepper
_Date_              _Printed Name_                            _Signature_

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

PROOF OF SERVICE (CONTINUED)

Served by NEF:

**Leslie A.Cohen**, leslie@lesliecohenlaw.com; **J'aime K.Williams**, jaime@lesliecohenlaw.com;
**Brian A.Link**, brian@lesliecohenlaw.com;
**Howard Ehrenberg**, ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com, C123@ecfbis.com,
hehrenberg@ecf.inforuptcy.com
**Jerome Bennett Friedman**, jfriedman@flg-law.com, msobkowak@flg-law.com, jmartinez@flg-law.com,
sbeigeenzahn@flg-law.com,
**Theresa Mains**, Theresa@TheresaMainsPA.com
**Jefffrey S. Kwong**, jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Served by Overnight Mail (Federal Express):

        Lawrence E. Tofel
        Lawrence E. Tofel, P.C.
        163 Washington Ave., Suite 5B
        Brooklyn, NY 11205
        [Attorney for Plaintiffs]

        J. Bennett Friedman
        Michael Sobkowiak
        Friedman Law Group
        1900 Avenue of the Stars, 11th Floor
        Los Angeles, CA 90067
        [Attorneys for Plaintiffs]